Monica McCabe
mmccabe@phillipsnizer.com
Phillips Nizer LLP
666 Fifth Avenue
New York, New York 10103-0084
Tel:  (212) 977-9700
Fax: (212) 262-5152
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- x
                                                               :

HERBALIST & ALCHEMIST, INC.                     :      Civil No.

                                :

                        Plaintiff,      :

                                :      **COMPLAINT AND**

        - against -                     :      **JURY DEMAND**

                                :

ALURENT PRODUCTS, INC. and WILL CLARENT,   :

                                :

                      Defendants.    :

                                :

                                :

                                :

                                :
----------------------------------------------------------------------- x

        For his Complaint against Defendants, Alurent Products, Inc. and Will Clarent

("Defendants"), Plaintiff, Herbalist & Alchemist, Inc. ("Herbalist & Alchemist" or "Plaintiff")

by their attorneys, Phillips Nizer LLP, hereby states and alleges as follows:

## PARTIES

        1.      Plaintiff Herbalist & Alchemist is a New Jersey corporation with its principal

place of business at 51 S. Wandling Avenue, Washington, New Jersey 07882.

        2.      Upon information and belief, Defendant Alurent Products, Inc. has an office at

3941 Park Drive, El Dorado Hills, California 95762.  Upon information and belief, Alurent has

addresses at 3565 South Las Vegas Boulevard, Suite 392, Las Vegas, Nevada 89109 and 3043

Alhambra Drive, Cameron Park, California 95682.

3.       Upon information and belief, Defendant Will Claren has an address of 3565 South

Las Vegas Boulevard, Suite 392, Las Vegas, Nevada 89109.

## JURISDICTION AND VENUE

4.       This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*., and the laws

of the State of New York.

5.       This Court has subject matter jurisdiction over this action under 28 U.S.C. §§

1331, 1332, 1338(a), 1338(b), and 1367.

6.       Venue is proper in this district pursuant to § 1391(b) because Defendant does

business in this district and because Defendant has committed one or more acts of trademark

infringement in this district.

## PLAINTIFF'S TRADEMARKS

7.       Since 1981, Plaintiff has owned all right, title and interest to the trademark

HERBALIST & ALCHEMIST.

8.       Plaintiff was incorporated as Herbalist & Alchemist, Inc. in 1982.

9.       Plaintiff obtained a federal registration for HERBALIST & ALCHEMIST mark

from the United States Patent & Trademark Office ("USPTO") on November 17, 1998 in

International Classes 3, 5 and 30 (Registration No. 2203851).  Unfortunately, that registration

was inadvertently not renewed and was cancelled in August 2005.  Plaintiff later obtained a

registration for HERBALIST & ALCHEMIST in May 2009 in International Classes 3, 5 and 30

(Registration No. 3619149).  The mark was registered until December 18, 2015, when it was

cancelled for the inadvertent failure to file a Declaration under Section 8 of the Trademark Act.

10.     In addition to its substantial and continuous use dating back to as early as 1981, Herbalist & Alchemist has refiled its mark and has a pending application (Serial No. 87042871) for the mark HERBALIST & ALCHEMIST in Classes 3, 5, 30 and 35 for the following goods:

- body oils; non-mediated skin care preparations and ointments; and, non-mediated skin creams (Class 3);

- for dietary and nutritional supplements; dietary beverage supplements for human and animal consumption in liquid and dry mix form for therapeutic purposes; dietary supplemental drinks; dietary supplements; dietary supplements for human and animal consumption; herb and botanical teas as dietary supplements; herbal and botanical supplements; herbal and botanical topical creams, gels, salves, sprays, powder, balms, liniment and ointments for the relief of aches and pain; kits containing dietary and nutritional supplements (Class 5);

- for teas (Class 30); and

- for online store services providing books; educational materials and CDs and DVDs; body oils; non-medicated skin care preparations and ointments; non-medicated skin creams; dietary and nutritional supplements; herbal and botanical topical creams, gels, salves, sprays, powders, balms, liniments and ointments for relief of aches and pains; and teas (Class 35).

Plaintiff's mark is hereinafter individually and collectively referred to as the "HERBALIST & ALCHEMIST Mark" or "Mark".

11.     From 1981 through 1998, Herbalist & Alchemist has sold tens of thousands of containers, displaying the HERBALIST & ALCHEMIST Mark, of its custom herbal therapeutics, including but not limited to, body oils, non-medicated skin care preparations and ointments, non-medicated skin creams, dietary and nutritional supplements for human and animal therapeutic purposes, and human and animal consumption, herbal and botanical topical creams, gels, salves, sprays, powders, balms, liniments and ointments for relief of aches and pains, teas, and other custom herbal therapeutics.  Herbalist & Alchemist's products were ordered by mail, phone and through its catalogues in the United States and internationally.

12.    In 1998, Plaintiff obtained the domain name, herbalist-alchemist.com by registering with DNC Holdings, Inc.   Subsequently, Plaintiff commenced sale of its product through its website, herbalist-alchemist.com.  Plaintiff's popular website also serves as a marketing and promotional platform for its products and services.  Thereafter from 1998 to the present, Plaintiff has continued to sell hundreds of thousands of containers of its product by mail, phone, facsimile, email and through its print and online catalogues.

13.    In addition, Herbalist & Alchemist has been providing online store services providing books, educational materials and CDs and DVDs since 1998.

14.    Herbalist & Alchemist has spent thousands of dollars each year in advertising and promotion of the goods sold under the HERBALIST & ALCHEMIST Mark in the United States. Indeed, Herbalist & Alchemist's products and services have been the subject of numerous articles and broadcasts in the media.  In the last 15 years, Plaintiff, its products, its founder David Winston and CEO Beth Lambert have been featured in numerous trade publications, magazines and newspapers such as *Whole Foods Magazine*, *Vitamin Retailer Magazine*, *Prevention Magazine*, *Star Ledger*, *New Jersey Record*, *Natural Products* and *Insider* and on broadcasts such as the "Health Talk with Dr. Ronald Hoffman" radio show.

15.    Plaintiff, its founder, and its CEO have also received the following awards and honors:

- February 23, 2016 Herbalist & Alchemist Recertified as B Corp;

- October 29, 2014 Herbalist & Alchemist Named New Jersey Manufacturing Awards Finalist;

- January 29, 2014 H&A Founder David Winston Honored by American Herbalists Guild;

- October 22, 2013 H&A Founder David Winston Accepts NPA Clinician Award;

- April 5, 2011 H&A Founder David Winston Honored by AHPA;

- May 16, 2007 Commissioner of the New Jersey Department of Labor and Workforce Development has awarded Herbalist & Alchemist, Inc. a Customized Training Grant;

- March 9, 2007 Beth Lambert, Herbalist & Alchemist CEO Honored as AHPA Herbal Hero;

- August 2006 Herbalist & Alchemist Participates in Rutgers Food Innovation Center Groundbreaking Ceremony; and

- March 2005 Beth Lambert, CEO of Herbalist & Alchemist re-elected Chairman of the Board of the American Herbal Products Association.

16.    As a result of its extensive use and advertising, as well as favorable press coverage and other public recognition, Herbalist & Alchemist has built up valuable and substantial goodwill in the HERBALIST & ALCHEMIST Mark such that this mark has come to identify Herbalist & Alchemist's products and services distinguish them from those of others. Pursuant to federal and state law, Herbalist & Alchemist has the sole right, among other things, to exploit commercially the HERBALIST & ALCHEMIST Mark and to bar use by third parties of any confusingly similar marks.

17.    The Mark is of great and incalculable value to Plaintiff, is highly distinctive and has become associated in the public mind with products and services of the highest quality and reputation originating with Plaintiff.

18.    Plaintiff's extensive use of the Mark in commerce has caused the public to associate goods services bearing the HERBALIST & ALCHEMIST Mark with Plaintiff and Plaintiff alone.

19.    As a result of Plaintiff's long-standing promotion use and recognition of the Mark, the Mark is well known and is a highly valuable asset of Plaintiff and represents substantial goodwill.

## DEFENDANTS' INFRINGING AND UNLAWFUL CONDUCT

20.     Since May 2016, customers and others have been contacting Herbalist &

Alchemist about products that it does not sell.  Some such products are CBD (Cannabidiol),

Aronia, Cold & Sinus, Green Tea, Brain Focus, 5-HTP, ARSNL CLA: Weight Loss & Fat

Burner CLA Supplement, all sold by Defendants.

21.     On information and belief, on or before December 20, 2015, long after Herbalist

& Alchemist had prominently used and promoted its Mark, Defendants intentionally adopted the

almost identical name "herbalalchemist" which they use for similar goods and services without

Plaintiff's authorization or consent.  Defendants also have attempted to register the mark

"herbalalchemist" with the USPTO (Serial No. 86854880).  ("Defendants' Application").

22.     Because of Defendants' Application, Plaintiff's application has been suspended

before the USPTO and Plaintiff has suffered damage as a result.

23.     Defendants have been and are now distributing dietary and nutritional

supplements as well as cosmetics under the name "herbalalchemist" on their website

www.herbal-alchemist.com.  Upon information and belief, Defendants registered herbal-

alchemist.com with the registrar ENOM, Inc. in October 2015.

24.     Plaintiff also learned that Defendants have been making unlawful claims

concerning the products it sells.  Defendants' false claims have caused irreparable damage to

Plaintiff because the public has assumed that these false claims are made by and/or associated

with Plaintiff.

25.     Specifically, Defendants' false claims include, but are not limited to, the

following:

- **CBD**:  In an advertisement sent via email containing drug claims, which
  was sent to Plaintiff via Message on Facebook from confused consumer,
  Defendants claim that the product reduces arthritis.   Defendants have also
  made such false drug claims on the following websites or web pages:

(https://cbd-now.com/SS/?idev_id=109  http://www.cbd-now.com/ , on their own website (https://herbal-alchemist.com/herbals-and-botanicals/cbd.html) and in a testimonial;

- **Aronia**:  On their website and in product literature enclosed with its shipments, Defendants falsely claim that Aronia regulates blood sugar, reduces blood pressure, cholesterol and Inflammation (https://herbal-alchemist.com/herbals-and-botanicals/organic-aronia.html);

- **Ashwagandha**: On their website, Defendants falsely claim that this product ameliorates depression, anxiety, thyroid and blood pressure and sexual dysfunction issues (https://herbal-alchemist.com/herbals-and-botanicals/herbal-alchemist-organic-ashwagandha-1000-mg-veg-capsules-30-day-supply.html);

- **Cold & Sinus**:  Defendants claim on their website that the product clears nasal passages, and helps with allergy symptoms (https://herbal-alchemist.com/herbals-and-botanicals/herbal-alchemist-cold-sinus.html);

- **Brain Focus:**  Defendants falsely claim that this product reduces anxiety on their website (https://herbal-alchemist.com/specialty-supplements/herbal-alchemist-brain-focus.html) and in testimonials.

26.     Upon information and belief, Defendants solicit testimonials in return for free product to customers on its website and on Amazon.com.  For example, testimonials show payments of free product in return for testimonials containing such drug claims.  Upon information and belief, many testimonials appear to have been written by the same person because they repeat the same information and are dated on the same day.

27.     In its "About Us" section on its website https://herbal-alchemist.com/about-store, Defendants claim they distribute 250 products; however, upon information and belief, there is no evidence that all such products exist.

28.     In addition, Defendants have copied its "About Us" section from Plaintiff's website and product literature with the intent to confuse customers.

29.     As a result of Defendants' willful actions, substantial actual confusion of Plaintiff's customers has occurred and will continue to occur if the activities of Defendants set

forth above are not stopped.  In fact, Plaintiff has received and continues to receive numerous calls and emails from confused customers.

30.     By making illegal drug claims about its products using a nearly identical mark to Plaintiff's Mark, Defendants have led Plaintiff's customers to believe that it was Plaintiff which was making these false claims.

31.     Plaintiff sent Defendant two cease and desist letters ("Cease and Desist Letters") via certified mail and email on June 2, 2016 and July 14, 2016, giving Defendants actual notice of its prior rights in and to the Mark and further demanded that Defendants cease all use of the Mark or any similar term.  The letters stated that the virtually identical terms used by Defendants were confusingly similar to Plaintiff's Mark.  The July 14, 2016 letter was also sent to Defendant Alurent Product Inc.'s Registered Agent, Zachary David Weiner at 7443 Murieta Drive Rancho, Murieta, CA 95683-9725.  Attached hereto as Exhibit A are true copies of the Cease and Desist Letters.  Despite follow-up calls by Plaintiff to Defendant, no response was received by Plaintiff.

32.     Despite the warning letters, Defendants continue to use the Mark and to infringe intentionally Plaintiff's Mark despite receiving actual notice of Plaintiff's strong prior rights in and to the Mark.

33.     Defendants also continue to make false drug claims about its products, which products customers have associated with Plaintiff, thereby damaging Plaintiff's reputation and goodwill in its Mark.

34.     Even after Plaintiff demanded that Defendants stop all use of the Mark, Defendants continue to use the Mark to advertise and promote its products.  For example, Defendant offered Promotional Halloween Coupons ("Coupons") in October 2016 for discounts on its products using the "herbalalchemist" name.  Consequently, Plaintiff received another slew

of calls and emails from confused customers who thought that Plaintiff was offering the Coupons.

## COUNT I

### (Lanham Act – Trademark Infringement 15 U.S.C. § 1125(a))

35.     Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 34.

36.     This count arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     Plaintiff has built public recognition in its Mark as trademarks under which it does business in interstate commerce.

38.     Defendants' use of its mark is likely to cause confusion, mistake and deception among the public as to the affiliation, connection or association of Defendants' goods with Plaintiff's goods.

39.     Defendants have intentionally infringed, and will continue to intentionally infringe Plaintiff's Mark.

40.     By reason of Defendants' acts alleged herein, Plaintiff has suffered and will suffer damage to its business identity, reputation and goodwill.

41.     Defendants' will continue to do the acts complained of herein, all to Plaintiff's irreparable damage, unless restrained and enjoined by this Court.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such continuing acts.  Plaintiff's remedy at law is not adequate to compensate it for the threatened injuries.

42.     Defendants' infringing acts and conduct are willful, intentional and egregious and made this an exceptional case within the meaning of 15 U.S.C. § 1117(a).  Plaintiff is entitled to recover treble the damages it has, and will continue to, sustain as a result of the Defendants'

misleading and deceptive practices including, but not limited to, all of Defendants' profits as a result of the Defendants' misleading and deceptive practices in an amount to be determined at trial.  Plaintiff is also entitled to recover its attorneys' fees and costs.

## COUNT II

### (Lanham Act—False Designation of Origin under 15 U.S.C. § 1125(a))

43.   Plaintiff realleges and incorporates by reference the allegations set forth above in paragraphs 1 through 42.

44.   Defendants' use of the "herbalalchemist" designation is a false description and representation that its products are sponsored by or affiliated with Plaintiff.  Said acts are in violation of 15 U.S.C. § 1125(a) in that Defendants have used in connection with their goods false designations of origin and false descriptions or representations tending to falsely describe or represent the same.  Defendants have made unlawful drug claims about its products using such designation.

45.   Plaintiff believes that it is likely to be irreparably harmed by such false descriptions and representations by reason of the likelihood that present and potential customers and consumers will be confused, mistaken and deceived as to the true source, sponsorship or affiliation of Defendants' goods and believe they originate with Plaintiff.

46.   On information and belief, Defendants' use and continued use of the "herbalalchemist" designation has been intentional and willful and for the purpose and intent of deceiving others with respect to the source, origin, sponsorship or affiliation of Plaintiff's goods and services and his relationship to the Defendants.

47.   Unless restrained and enjoined by this Court, Defendants will continue to infringe Plaintiff's Mark and irreparably injure and damage Plaintiff's reputation.  No adequate remedy at

law exists for the irreparable harm to Plaintiff.  Accordingly, Plaintiff is entitled to preliminary and permanent relief.

48.     Defendants' continued use of the term "herbalalchemist" has damaged and will continue to damage Plaintiff's business, reputation and goodwill, resulting in lost profits.

49.     Defendants' acts and conduct are willful, intentional and egregious and made this an exceptional case within the meaning of 15 U.S.C. § 1117(a).  Plaintiff is entitled to recover treble the damages it has, and will continue to, sustain as a result of the Defendants' misleading and deceptive practices including, but not limited to, all of Defendants' profits as a result of the Defendants' misleading and deceptive practices in an amount to be determined at trial.  Plaintiff is also entitled to recover its attorneys' fees and costs.

50.     Plaintiff has no adequate remedy at law to compensate it for all of the damages that have been caused and will continue to be caused by Defendants' wrongful acts unless those acts cease immediately.

## COUNT III

### (Lanham Act—False Advertising under 15 U.S.C. § 1125(a)(1)(B))

51.     Plaintiff realleges paragraphs 1 through 50.

52.     Defendants are using false, deceptive and/or misleading descriptions and/or misrepresentations in commercial advertising, labeling and marketing, which misrepresent the nature, characteristics, and/or qualities of its products in interstate commerce.

53.     Upon information and belief, Defendants' false and misleading statements, including the name, packaging and labeling of its products as well as its advertising and marketing of the products actually deceive or have the tendency to deceive a substantial segment of the customers.

54.     Defendants' false and misleading statements are material and are likely to influence the purchasing decision of actual and prospective purchasers of Plaintiff's products and/or Defendants' products.  Upon information and belief, Defendants' false and misleading statements have diverted sales to Defendants at the expense of Plaintiff and/or have damaged the goodwill enjoyed by Plaintiff's products.

55.     Defendants acts constitute false advertising in violation of the Lanham Act Section 43(a)(1)(B), 15 U.S.C.§ 1125(a)(1)(B).

56.     Unless Defendants' acts of false advertising are enjoined, Defendants' false advertising and labeling will continue to damage Plaintiff and hurt the public, including consumers.  Defendants have caused damages to Plaintiff in an amount to be determined at trial and other irreparable injury to the goodwill and reputation of Plaintiff, its trademark and products.

57.     Defendants' acts of false advertising are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a).  Plaintiff is entitled to recover treble the damages it has, and will continue to, sustain as a result of the Defendants' misleading and deceptive practices including, but not limited to, all of Defendants' profits as a result of the Defendants' misleading and deceptive practices in an amount to be determined at trial.  Plaintiff is also entitled to recover its attorneys' fees and costs.

58.     Plaintiff has no adequate remedy at law to compensate it for all of the damages that have been caused and will continue to be caused by Defendants' wrongful acts unless those acts cease immediately.

## COUNT IV

### (Lanham Act—Unfair Competition under 15 U.S.C. § 1125(a)(1)(A))

59.     Plaintiff realleges and incorporates herein by reference the allegations set forth above in paragraphs 1 through 58.

60.     Plaintiff adopted the HERBALIST & ALCHEMIST Mark to identify its products. The trademark serves to designate the source and origin of Plaintiff's product to the consuming public.  Through Plaintiff's efforts, the Mark has become closely identified by the public with Plaintiff.

61.     Plaintiff also adopted its product literature and website to educate and promote its products to its customers.  Defendants have copied Plaintiff's literature and website with the intent to deceive the public.

62.     Defendants have, without authorization, on or in connection with only its goods in interstate commerce made or contributed to the making of false or misleading descriptions or representations of fact which are likely to cause confusion, or to cause mistakes or to deceive as to the affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of Defendants' goods or commercial activities.

63.     Defendants' acts constitute unfair competition and passing off and/or induce or contribute to acts of unfair competition and passing off.

64.     Defendants' foregoing acts, practices and conduct constitute intentional and willful infringement of Plaintiff's common law rights in and to his Mark, and are likely to confuse and mislead the public regarding the affiliation, the connection or association, certification or approval of Defendants' business activities.

65.     As a direct and proximate result of Defendants' acts, practice and conduct, Defendants have deceived and will continue to deceive the public including consumers and have

harmed Plaintiff and, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill and reputation in an amount to be determined at trial.

66.     Defendants' acts of unfair competition and passing off are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a). Plaintiff is entitled to recover treble the damages it has, and will continue to, sustain as a result of the Defendants' unlawful practices including, but not limited to, all of Defendants' profits as a result of the Defendants' practices in an amount to be determined at trial.  Plaintiff is also entitled to recover its attorneys' fees and costs.

67.     Unless enjoined by the Court, Defendants will continue to engage in unfair competition by its unauthorized use and infringement of the Mark and its other unlawful activities, all to the irreparable injury of Plaintiff.  This threat of further injury to the business identity, goodwill and reputation of Plaintiff requires injunctive relief to prevent Defendants' continued unfair competition and to ameliorate and mitigate injury to Plaintiff.

## COUNT V

### (Lanham Act—Cyberpiracy Under 15 U.S.C. § 1125(d)(1)(A)

68.     Plaintiff repeats and realleges paragraph 67 of this Complaint as though fully set forth herein.

69.     In 1998, Plaintiff registered its domain name, herbalist-alchemist.com, and has been using that domain continuously since 1998 to promote its products.

70.     Upon information and belief, Defendants registered the confusingly similar domain name, herbal-alchemist.com, in October 2015.

71.     As the registrant of the domain name, herbal-alchemist.com, which is confusingly similar to Plaintiff's domain name, herbalist-alchemist.com, and to Plaintiff's Mark, and by using the domain name to promote and distribute its infringing and mislabeled products,

Defendants have violated 15 U.S.C. § 1125(d).  Defendants have demonstrated bad faith intent to profit from Plaintiff's Mark and have registered a domain name that is confusingly similar to Plaintiff's Mark and/or dilutes that Mark.

72.     Defendants' bad faith cyberpiracy entitles Plaintiff to an order of this Court directing the forfeiture and/or cancellation of the domain name, herbal-alchemist.com, or the transfer of that domain name to Plaintiff.

73.     Plaintiff is further entitled to the recovery of damages from Defendants jointly and severally including treble damages in an amount to be determined at trial together with Plaintiff's attorney's fees and costs.  Defendants' acts of cyberpiracy are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. § 1117(a). Plaintiff is entitled to recover treble the damages it has, and will continue to, sustain as a result of the Defendants' unlawful practices including, but not limited to, all of Defendants' profits as a result of the Defendants' practices in an amount to be determined at trial.  Plaintiff is also entitled to recover its attorneys' fees and costs.

## COUNT VI

### (New York Common Law Unfair Competition)

74.     Plaintiff repeats and realleges paragraphs 1-73 of this Complaint as though fully set forth herein.

75.     Defendants' acts, practices and conduct are in bad faith and constitute unfair competition under New York common law.

76.     As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have suffered and, unless such acts are retrained, will continue to suffer injury to its business and goodwill in an amount to be determined at trial.

77.     Plaintiff has no adequate remedy at law to compensate it for all of the damages that have been caused and will continue to be caused by Defendants' wrongful acts unless those acts cease immediately.

78.     Defendants' unlawful acts were conducted with malice and/or represent willful or wanton conduct, warranting an award of punitive damages against Defendants.

## COUNT VII

### (Violation of Section 349(a) and (h) and 350 and 350-a of the New York General Business Law)

79.     Plaintiff realleges and incorporates herein by reference the allegations set forth above in paragraphs 1 through 78.

80.     Defendants' acts, practice and conduct have misled and deceived consumers and have harmed Plaintiff.

81.     Defendants' false advertising including its labeling and false drug claims have materially misled consumers and harmed Plaintiff.

82.     Upon information and belief, Defendants' acts, practice and conduct constitute Misdemeanors under Section §392-b (False Labels and Misrepresentations) under New York General Business Law and under Article 137 (Pharmacy) Section 6811 (Misdemeanors) of New York Education Law.  Thus, Defendants' acts, practices and conduct injure the public.

83.     Defendants' conduct constitutes Deceptive Acts and Unlawful Practices under Section 349(a) and (h) of the New York General Business Law.

84.     Defendants' conduct constitutes False Advertising under Section 350 and 350-a of the New York General Business Law.

85.     As a direct and proximate result of Defendants' willful and wanton acts and conduct, Plaintiff has been injured and will continue to suffer irreparable injury unless Defendants are restrained by this Court from further deceptive practices and false advertising.

## COUNT VIII

### (Violation of Section 360-l of the New York General Business Law)

86.     Plaintiff realleges and incorporates herein by reference the allegations set forth above in paragraphs 1 through 85.

87.     Plaintiff's Mark is distinctive and has acquired secondary meaning in the marketplace.  Plaintiff has enjoyed an excellent business reputation for years.

88.     Defendants' use of the Mark has blurred the selling power of the Mark, tarnished and reduced the Mark's reputation and standing in the eyes of consumers as identifiers of Plaintiff's products, and diminished the Mark's ability to serve as source and product identifiers.

89.     Defendants' acts, practices and conduct have injured Plaintiff's business reputation.

90.     Defendants' conduct violates Section 360-l of the New York General Business Law.

91.     As a direct and proximate result of Defendants' willful and wanton acts and conduct, Plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless Defendants are restrained by this Court from further use of the Mark, and the other wrongful conduct in connection with the Mark set out above.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Herbalist & Alchemist, Inc., respectfully prays that this Court:

(1)     That the Court enter a judgment against Defendants determining:

(a)     that Defendants have willfully infringed Plaintiff's rights in its trademark HERBALIST & ALCHEMIST under 15 U.S.C. § 1125(a);

(b)     that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Plaintiff as defined in 15 U.S.C. § 1125(a);

(c)     that Defendants have engaged in false, deceptive and/or misleading advertising and labeling under 15 U.S.C. § 1125(a)(1)(B);

(d)     that Defendants have engaged in unfair competition in violation of the Lanham Act under 15 U.S.C. § 1125(a)(1)(A) and the common law of New York;

(e)     that Defendants have engaged in Cyberpiracy in violation of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A);

(f)     that Defendants have engaged in false and misleading advertising, labeling and false drug claims under Sections 349(a) and (h) and 350-a of the New York General Business Law;

(g)     that Defendants have engaged in trademark dilution in violation of Section 360-l of the New York General Business Law; and

(h)     that Defendants have otherwise injured the business reputation and business of Plaintiff by Defendants' acts, practice and conduct set forth in this Complaint.

(2)     That the Court issue permanent injunctive relief against Defendants, and that Defendant, their directors, principals, officers, agents, representatives, servants, employees,

attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a)     imitating, copying, or making any other infringing use or providing services bearing Plaintiff's Mark;

(b)     providing, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any goods including, without limitation, on its website bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiff's Mark, including, but not limited to, "herbalistalchemist";

(c)     using any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Mark in connection with the provision, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any services including, without limitation, on its website not authorized or licensed by Plaintiff;

(d)     using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that goods have been provided, offered, circulated, sold, offered for sale, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

(e)     publishing, displaying, distributing or using, permitting or entering into or performing any agreement for the publication, display, distribution or use of false, deceptive or misleading advertisement and labeling of its products;

(f)     engaging in any other activity constituting an infringement of Plaintiff's Mark, or of Plaintiff's rights in, or right to use or to exploit his Mark; and

(g)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

(3)     An order that Defendants bear the obligation and expense of publication, display distribution and dissemination of corrective advertising to dispel the false, misleading and deceptive advertising already communication to the public and Plaintiff's customers.

(4)     That the Court order the destruction of all labels, signs, prints, packages receptacles, advertisements and promotions in the possession of Defendants bearing the name that is the subject of the aforementioned claims under 15 U.S.C. § 1118.

(5)     That the Court direct the Commissioner of Trademarks, pursuant to 15 U.S.C. § 1071(b), to deny Defendants' Application to register the herbalalchemist mark (Application No. 86854880).

(6)     That the Court direct the Commissioner of Trademarks, pursuant to 15 U.S.C. § 1071(b) to grant Herbalist and Alchemist's application to register the HERBALIST & ALCHEMIST Mark (Serial Nos. 87042871).

(7)     That the Court order the forfeiture to Plaintiff or cancellation of the domain name "herbal-alchemist".

(8)     That the Court order Defendants to pay Plaintiff's damages as follows:

(a)     Plaintiff's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(a), for Defendants' willful violation of Plaintiff's trademark rights; and

(b)     Plaintiff's damages and Defendants' profits trebled pursuant to common law.

(9)     That the Court order Defendants to pay to Plaintiff both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action under 15 U.S.C. § 1117(a) and New York law.

(10)     Award Plaintiff such other relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial

by jury in this action of all issues so triable.


Dated:    New York, New York
          November 28, 2016

                                        Respectfully Submitted,


                                        By:  /s/ Monica P. McCabe
                                             Monica P. McCabe

                                        Phillips Nizer LLP
                                        666 Fifth Avenue
                                        New York, New York 10103
                                        Telephone (212) 977-9700
                                        Telecopier (212) 262-5152

                                        Attorneys for Plaintiff,
                                        Herbalist & Alchemist, Inc.