Monica McCabe
mmccabe@phillipsnizer.com
Kathryn T. Lundy
klundy@phillipsnizer.com
Phillips Nizer LLP
666 Fifth Avenue
New York, New York 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | |
|---|---|
| HERBALIST & ALCHEMIST, INC. | Civil No. 16-cv09204-ER |
| Plaintiff, | |
| - against - | **AFFIRMATION IN SUPPORT OF REQUEST FOR CERTIFICATE OF DEFAULT** |
| ALURENT PRODUCTS, INC. and WILL CLARENT, | |
| Defendants. | |

---------------------------------------------------------------- x

Monica Petraglia McCabe hereby declares as follows:

1. I am counsel for the Plaintiff Herbalist & Alchemist, Inc. in this action.

2. This action was commenced pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the laws of the State of New York.

3. The time for Defendants ALURENT PRODUCTS, INC. and WILL CLARENT to answer or otherwise move with respect to the complaint herein has expired.

4. Defendants ALURENT PRODUCTS, INC. and WILL CLARENT have not answered or otherwise moved with respect to the complaint, and the time for defendants ALURENT PRODUCTS, INC. and WILL CLARENT to answer or otherwise move has not been extended.

5. Defendants ALURENT PRODUCTS, INC. and WILL CLARENT are not infants or incompetents. Defendant WILL CLARENT is not presently in the military service of the United States based upon the attached Non-Military Affidavit of Kevin R. Smith, who asked the person accepting service whether Defendant WILL CLARENT was presently in the military service of the United State Government or on active duty in the military service in the State of New York and was informed he was not. A copy of the Non-Military Affidavit is attached as Exhibit A.

6. Defendants ALURENT PRODUCTS, INC. and WILL CLARENT (collectively the "Defendants") are indebted to plaintiff HERBALIST & ALCHEMIST, INC. (the "Plaintiff"), in the following manner (state the facts in support of the claim(s)):

   a) Since 1981, Plaintiff has owned all right, title and interest to the trademark HERBALIST & ALCHEMIST.

   b) Plaintiff was incorporated as Herbalist & Alchemist, Inc. in 1982.

   c) Plaintiff obtained a federal registration for HERBALIST & ALCHEMIST mark from the United States Patent & Trademark Office ("USPTO") on November 17, 1998 in International Classes 3, 5 and 30 (Registration No. 2203851). Unfortunately, that registration was inadvertently not renewed and was cancelled in August 2005. Plaintiff later obtained a registration for HERBALIST & ALCHEMIST in May 2009 in International Classes 3, 5 and 30 (Registration No. 3619149). The mark was registered until December 18, 2015, when it was cancelled for the inadvertent failure to file a Declaration under Section 8 of the Trademark Act.

   d) In addition to its substantial and continuous use dating back to as early as 1981, Herbalist & Alchemist has refiled its mark and has a pending application (Serial No. 87042871) for the mark HERBALIST & ALCHEMIST in Classes 3, 5, 30 and 35.

   e) Plaintiff's mark is hereinafter individually and collectively referred to as the "HERBALIST & ALCHEMIST Mark" or "Mark".

   f) From 1981 through 1998, Herbalist & Alchemist has sold tens of thousands of containers, displaying the HERBALIST & ALCHEMIST Mark, of its custom herbal therapeutics, including but not limited to, body oils, non-medicated skin care preparations and ointments, non-medicated skin creams, dietary and nutritional supplements for human and animal therapeutic purposes, and human and animal consumption, herbal and botanical topical creams, gels, salves, sprays,

2

powders, balms, liniments and ointments for relief of aches and pains, teas, and other custom herbal therapeutics. Herbalist & Alchemist's products were ordered by mail, phone and through its catalogues in the United States and internationally.

g) In 1998, Plaintiff obtained the domain name, herbalist-alchemist.com by registering with DNC Holdings, Inc. Subsequently, Plaintiff commenced sale of its product through its website, herbalist-alchemist.com. Plaintiff's popular website also serves as a marketing and promotional platform for its products and services. Thereafter from 1998 to the present, Plaintiff has continued to sell hundreds of thousands of containers of its product by mail, phone, facsimile, email and through its print and online catalogues.

h) In addition, Herbalist & Alchemist has been providing online store services providing books, educational materials and CDs and DVDs since 1998.

i) Herbalist & Alchemist has spent thousands of dollars each year in advertising and promotion of the goods sold under the HERBALIST & ALCHEMIST Mark in the United States. Indeed, Herbalist & Alchemist's products and services have been the subject of numerous articles and broadcasts in the media. In the last 15 years, Plaintiff, its products, its founder David Winston and CEO Beth Lambert have been featured in numerous trade publications, magazines and newspapers such as *Whole Foods Magazine*, *Vitamin Retailer Magazine*, *Prevention Magazine*, *Star Ledger*, *New Jersey Record*, *Natural Products* and *Insider* and on broadcasts such as the "Health Talk with Dr. Ronald Hoffman" radio show.

j) Plaintiff, its founder, and its CEO have also received the following awards and honors:

   i. February 23, 2016 Herbalist & Alchemist Recertified as B Corp;

   ii. October 29, 2014 Herbalist & Alchemist Named New Jersey Manufacturing Awards Finalist;

   iii. January 29, 2014 H&A Founder David Winston Honored by American Herbalists Guild;

   iv. October 22, 2013 H&A Founder David Winston Accepts NPA Clinician Award;

   v. April 5, 2011 H&A Founder David Winston Honored by AHPA;

   vi. May 16, 2007 Commissioner of the New Jersey Department of Labor and Workforce Development has awarded Herbalist & Alchemist, Inc. a Customized Training Grant;

   vii. March 9, 2007 Beth Lambert, Herbalist & Alchemist CEO Honored as AHPA Herbal Hero;

      viii. August 2006 Herbalist & Alchemist Participates in Rutgers Food Innovation Center Groundbreaking Ceremony; and

      ix. March 2005 Beth Lambert, CEO of Herbalist & Alchemist re-elected Chairman of the Board of the American Herbal Products Association.

k) As a result of its extensive use and advertising, as well as favorable press coverage and other public recognition, Herbalist & Alchemist has built up valuable and substantial goodwill in the HERBALIST & ALCHEMIST Mark such that this mark has come to identify Herbalist & Alchemist's products and services distinguish them from those of others. Pursuant to federal and state law, Herbalist & Alchemist has the sole right, among other things, to exploit commercially the HERBALIST & ALCHEMIST Mark and to bar use by third parties of any confusingly similar marks.

l) The Mark is of great and incalculable value to Plaintiff, is highly distinctive and has become associated in the public mind with products and services of the highest quality and reputation originating with Plaintiff.

m) Plaintiff's extensive use of the Mark in commerce has caused the public to associate goods services bearing the HERBALIST & ALCHEMIST Mark with Plaintiff and Plaintiff alone.

n) As a result of Plaintiff's long-standing promotion use and recognition of the Mark, the Mark is well known and is a highly valuable asset of Plaintiff and represents substantial goodwill.

o) Since May 2016, customers and others have been contacting Herbalist & Alchemist about products that it does not sell. Some such products are CBD (Cannabidiol), Aronia, Cold & Sinus, Green Tea, Brain Focus, 5-HTP, ARSNL CLA: Weight Loss & Fat Burner CLA Supplement, all sold by Defendants.

p) On information and belief, on or before December 20, 2015, long after Herbalist & Alchemist had prominently used and promoted its Mark, Defendants intentionally adopted the almost identical name "herbalalchemist" which they use for similar goods and services without Plaintiff's authorization or consent. Defendants also have attempted to register the mark "herbalalchemist" with the USPTO (Serial No. 86854880). ("Defendants' Application").

q) Because of Defendants' Application, Plaintiff's application has been suspended before the USPTO and Plaintiff has suffered damage as a result.

r) Defendants have been and are now distributing dietary and nutritional supplements as well as cosmetics under the name "herbalalchemist" on their website www.herbal-alchemist.com. Upon information and belief, Defendants registered herbal-alchemist.com with the registrar ENOM, Inc. in October 2015.

4

s) Plaintiff also learned that Defendants have been making unlawful claims concerning the products it sells. Defendants' false claims have caused irreparable damage to Plaintiff because the public has assumed that these false claims are made by and/or associated with Plaintiff.

t) Specifically, Defendants' false claims include, but are not limited to, the following:

   i. **CBD**: In an advertisement sent via email containing drug claims, which was sent to Plaintiff via Message on Facebook from confused consumer, Defendants claim that the product reduces arthritis. Defendants have also made such false drug claims on the following websites or web pages: (https://cbd-now.com/SS/?idev_id=109 http://www.cbd-now.com/ , on their own website (https://herbal-alchemist.com/herbals-and-botanicals/cbd.html) and in a testimonial;

   ii. **Aronia**: On their website and in product literature enclosed with its shipments, Defendants falsely claim that Aronia regulates blood sugar, reduces blood pressure, cholesterol and Inflammation (https://herbal-alchemist.com/herbals-and-botanicals/organic-aronia.html);

   iii. **Ashwagandha**: On their website, Defendants falsely claim that this product ameliorates depression, anxiety, thyroid and blood pressure and sexual dysfunction issues (https://herbal-alchemist.com/herbals-and-botanicals/herbal-alchemist-organic-ashwagandha-1000-mg-veg-capsules-30-day-supply.html);

   iv. **Cold & Sinus**: Defendants claim on their website that the product clears nasal passages, and helps with allergy symptoms (https://herbal-alchemist.com/herbals-and-botanicals/herbal-alchemist-cold-sinus.html);

   v. **Brain Focus**: Defendants falsely claim that this product reduces anxiety on their website (https://herbal-alchemist.com/specialty-supplements/herbal-alchemist-brain-focus.html) and in testimonials.

u) Upon information and belief, Defendants solicit testimonials in return for free product to customers on its website and on Amazon.com. For example, testimonials show payments of free product in return for testimonials containing such drug claims. Upon information and belief, many testimonials appear to have been written by the same person because they repeat the same information and are dated on the same day.

5

v) In its "About Us" section on its website https://herbal-alchemist.com/about-store, Defendants claim they distribute 250 products; however, upon information and belief, there is no evidence that all such products exist.

w) In addition, Defendants have copied its "About Us" section from Plaintiff's website and product literature with the intent to confuse customers.

x) As a result of Defendants' willful actions, substantial actual confusion of Plaintiff's customers has occurred and will continue to occur if the activities of Defendants set forth above are not stopped. In fact, Plaintiff has received and continues to receive numerous calls and emails from confused customers.

y) By making illegal drug claims about its products using a nearly identical mark to Plaintiff's Mark, Defendants have led Plaintiff's customers to believe that it was Plaintiff which was making these false claims.

z) Plaintiff sent Defendant two cease and desist letters ("Cease and Desist Letters") via certified mail and email on June 2, 2016 and July 14, 2016, giving Defendants actual notice of its prior rights in and to the Mark and further demanded that Defendants cease all use of the Mark or any similar term. The letters stated that the virtually identical terms used by Defendants were confusingly similar to Plaintiff's Mark. The July 14, 2016 letter was also sent to Defendant Alurent Product Inc.'s Registered Agent, Zachary David Weiner at 7443 Murieta Drive Rancho, Murieta, CA 95683-9725. Attached hereto as Exhibit A are true copies of the Cease and Desist Letters. Despite follow-up calls by Plaintiff to Defendant, no response was received by Plaintiff.

aa) Despite the warning letters, Defendants continue to use the Mark and to infringe intentionally Plaintiff's Mark despite receiving actual notice of Plaintiff's strong prior rights in and to the Mark.

bb) Defendants also continue to make false drug claims about its products, which products customers have associated with Plaintiff, thereby damaging Plaintiff's reputation and goodwill in its Mark.

cc) Even after Plaintiff demanded that Defendants stop all use of the Mark, Defendants continue to use the Mark to advertise and promote its products. For example, Defendant offered Promotional Halloween Coupons ("Coupons") in October 2016 for discounts on its products using the "herbalalchemist" name. Consequently, Plaintiff received another slew of calls and emails from confused customers who thought that Plaintiff was offering the Coupons.

dd) To date, Defendants have failed to answer, appear or otherwise respond to the Complaint and their time to do so has expired.

1296366.2

ee) Plaintiff has expended unnecessary legal fees and costs due to Defendants' willful actions and their deliberate disregard of Plaintiff's Complaint and Cease and Desist Letters

WHEREFORE, Plaintiff HERBALIST & ALCHEMIST requests that the default of defendants ALURENT PRODUCTS, INC. and WILL CLARENT be noted and a certificate of default issued.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated: New York, New York
January 20, 2017

PHILLIPS NIZER LLP

By: /s/ Monica Petraglia McCabe
　　　Monica Petraglia McCabe

A Member of the Firm
666 Fifth Avenue
New York, NY 10103
(212) 841-0713
mmccabe@phillipsnizer.com

*Attorneys for Plaintiff*