USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/8/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HERBALIST & ALCHEMIST, INC.

                                Plaintiff,

      - against -

ALURENT PRODUCTS, INC. and WILL
CLARENT,

                              Defendants..

------------------------------------------------------------------ x

**DEFAULT JUDGMENT AGAINST DEFENDANTS ALURENT PRODUCTS, INC. and WILL CLARENT**

16 Civ. 09204 (ER)

Having considered Plaintiff Herbalist & Alchemist, Inc.'s ("Plaintiff") Application for Entry of Default Judgment and Permanent Injunction, the Memorandum of Law in Support thereof, the Affidavit of Elizabeth Lambert, the Declaration of Monica P. McCabe, Esq., in support thereof, the Summons, the Complaint, and proofs of service on file herein, and all of the relevant papers and pleadings on file with the Court in this matter,

        **THE COURT ORDERS AND DETERMINES AS FOLLOWS:**

    1.    Plaintiff's Application for Default Judgment and Permanent Injunction Against Defendants Alurent Products, Inc. and Will Clarent ("Defendants") is GRANTED;

    2.    Defendants are liable to Plaintiff for violation of 15 U.S.C. § 1125(a) in that Defendants have used in connection with their goods false designations of origin and false descriptions or representations tending to falsely describe or represent the same.

    3.    Defendants are liable to Plaintiff for violation of 15 U.S.C. § 1125(a)(1)(B) for false, deceptive and misleading descriptions and misrepresentations in commercial advertising,

labeling and marketing, which misrepresent the nature, characteristics and qualities of its products in interstate commerce.

4. Defendants are liable to Plaintiff for violation of 15 U.S.C. § 1125(a)(1)(A) for unfair competition and passing off.

5. Defendants are liable to Plaintiff for violation of 15 U.S.C. § 1125(d)(1)(A) for bad faith cyberpiracy.

6. Defendants are liable to Plaintiff for violation of New York Common Law Unfair Competition.

7. Defendants are liable to Plaintiff for violation of Section 349(a) and (h) and 350 and 350-a of the New York General Business Law.

8. Plaintiff is entitled to recover statutory damages in this action pursuant to 15 U.S.C. § 1117(c), in the amount of $50,000.00 as against each Defendant.

9. Plaintiff is entitled to recover its reasonable attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117(a), and has sufficiently substantiated the amount of reasonable attorneys' fees in the amount of $45,403.00;

10. Plaintiff is entitled to recover its costs of the action in the amount of $1,410.44; and

11. Plaintiff is hereby awarded judgment against Defendants, jointly and severally, as follows:

    a. Statutory Damages……..$50,000.00

    b. Attorneys' Fees…………… $45,403.00

    c. Costs……………………… $1,410.44

    **Total Judgment** ………… $96,813.44

This judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. § 1961.

In addition, Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be permanently enjoined and restrained from:

(a) imitating, copying, or making any other infringing use or providing services bearing Plaintiff's mark, HERBALIST & ALCHEMIST (the "Mark");

(b) providing, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any services bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Mark;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Mark in connection with the provision, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any services not authorized or licensed by Plaintiff;

(d) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that services have been provided, offered, circulated, sold, offered for sale, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Plaintiff, when such is not true in fact;

(e) publishing, displaying, distributing or using, permitting or entering into or performing any agreement for the publication, display, distribution or use of false, deceptive or misleading advertisement and labeling of its products;

(f) engaging in any other activity constituting an infringement of Plaintiff's Mark, or of Plaintiff's right in, or right to use or to exploit its Mark; and

(g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

In addition, the Court further orders and directs that:

(a)     Defendants bear the obligation and expense of publication, display distribution and dissemination of corrective advertising to dispel the false, misleading and deceptive advertising already communicated to the public and Plaintiff's customers.

(b)     the destruction of all labels, signs, prints, packages receptacles, advertisements and promotions in the possession of Defendants bearing the name that is the subject of the aforementioned claims under 15 U.S.C. § 1118;

(c)     the Commissioner of Trademarks, pursuant to 15 U.S.C. § 1119, to either order Defendants to abandon the herbalalchemist application within thirty days of this Order or deny Defendants' Application to register the herbalalchemist mark (Serial No. 86854880).

(d)     the Commissioner of Trademarks, pursuant to 15 U.S.C. § 1119 to grant Plaintiff's application to register the HERBALIST & ALCHEMIST Mark (Serial No. 87042871); and

(e)     the forfeiture to Plaintiff or cancellation of the domain name "herbal-alchemist".

**IT IS SO ORDERED AND ADJUDGED.**


DATED: <u>March 8, 2017</u>
New York, New York

_____
Edgardo Ramos, U.S.D.J.