UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HERBALIST & ALCHEMIST, INC.,

                              Plaintiff,                    Civil No. 16-cv-9204 (ER)

        - against -

ALURENT PRODUCTS, INC. and WILL CLARENT,

                              Defendants.

------------------------------------------------------------------------ x


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION, BY ORDER TO SHOW CAUSE, FOR CONTEMPT FOR VIOLATIONS OF A COURT ORDER AND PERMANENT INJUNCTION AND TO ENFORCE COMPLIANCE

PHILLIPS NIZER LLP
Monica Petraglia McCabe
Janeen R. Hall
666 Fifth Avenue
New York, New York 10103-0084
(212) 977-9700

Attorneys for Plaintiff Herbalist & Alchemist, Inc.

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................. 1

PRELIMINARY STATEMENT ......................................................................... 2

FACTUAL BACKGROUND ............................................................................... 4

ARGUMENT ...................................................................................................... 11

  I.   THE COURT'S ORDER AND PERMANENT INJUNCTION IS CLEAR,
      UNAMBIGUOUS AND VALID .................................................................. 11

    A.  Civil Contempt is Warranted Against the Corporate Entities for their Failure to
        Comply with the Court's Order ............................................................. 11

    B.  An Order Must Be Entered Permitting Herbalist to Act on Behalf of Defendants
        to Cancel and De-Register the Domain Name "herbal-alchemist.com" and
        "Nfinx.com" .......................................................................................... 13

    C.  Defendant Will Clarent Should be Held in Criminal Contempt ................... 14

  II.  DEFENDANTS, ENOM, GODADDY, NAMECHEAP, LE AND THE THIRD
      PARTY AGENTS HAVE THE ABILITY TO COMPLY, BUT ARE REFUSING
      TO DO SO .............................................................................................. 15

  III.  THE COURT SHOULD SANCTION DEFENDANTS, ENOM AND THE
       THIRD PARTY AGENTS FOR THEIR EGREGIOUS BEHAVIOR .............. 18

CONCLUSION .................................................................................................. 19

# TABLE OF AUTHORITIES

## CASES

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
446 F. Supp.2d 252 (S.D.N.Y. 2006) ................................................................................ 15

*Arista Records, LLC v. Vita Tkach*,
122 F. Supp. 3d 32 (S.D.N.Y. 2015) .................................................................. 12, 16, 19

*B&M Linen, Corp. v. Kannegeisser, USA, Corp.*,
679 F. Supp. 2d 474 (S.D.N.Y. 2010) ............................................................................. 18

*Cardell Fin. Corp. v. Suchodolski Assocs.*,
No. 09-CV-6148(MHD), 2012 U.S. Dist. LEXIS 188295 ( S.D.N.Y. July 17, 2012) ...... 18, 19

*Citronelle-Mobile Gatherin, Inc. v. Watkins*,
943 F.2d 1297 (11th Cir. 1991) ....................................................................................... 16

*Drywall Tapers & Pointers v. Local 530*,
889 F.2d 389 (2d Cir. 1989)............................................................................................. 11

*Edgar Berebi, Inc. v. Ditbro Pearl Co.*,
No. 89-CV-6837(SWK), 1990 U.S. Dist. LEXIS 14721 (S.D.N.Y. 1990) ...................... 19

*Eli Lilly & Co. v. Gottstein*,
617 F.3d 186 (2d Cir. 2010)............................................................................................. 13

*Hall v. Cole*,
412 U.S. 1 (1973)............................................................................................................. 18

*In re Grand Jury Witness*,
835 F.2d 437 (2d Cir. 1987)............................................................................................. 14

*Leadsinger, Inc. v. Cole*,
No. 05-CV-5606(HBP), 2006 U.S. Dist. LEXIS 55550 (S.D.N.Y. Aug. 4, 2006) ................ 14

*Mears v. Montgomery*,
535 Fed. App'x 37 (2d Cir. 2013)..................................................................................... 11

*North Face Apparel Corp. v. Fujian Sharing Imp. & Exp. Ltd.*,
No. 10-CV-1630(AKH), 2011 U.S. Dist. LEXIS 158807 (S.D.N.Y. June 24, 2010) ............ 17

*Rick v. Buchansky*,
2001 U.S. Dist. LEXIS 12158 (S.D.N.Y. Aug. 16, 2001) ............................................... 18

*Romeo & Juliette Laser Hair Removal, Inc. v. Assara,*
   No. 08-CV-0442(DLC), 2016 U.S. Dist. LEXIS 24850 (S.D.N.Y. Feb. 29, 2016) ............... 11

*Sanders v. Air Line Pilots Association, International,*
   473 F.2d 244 (2d Cir. 1972) .................................................................................................... 11

*Sec. Exchange Commission v. American Board of Trade, Inc.,*
   830 F.2d 94 (2d Cir. 1987) ..................................................................................................... 14

*United States ex rel. Vuitton, Et Fils S.A. v. Karen Bags, Inc.,*
   592 F. Supp. 734 (S.D.N.Y. 1984) .......................................................................................... 14

*United States v. Cutler,*
   58 F.3d 825 (2d Cir. 1995) ..................................................................................................... 15

*United States v. Lynch,*
   162 F.3d 732 (2d Cir. 1998) ................................................................................................... 15

*United States v. Ryan,*
   402 U.S. 530 (1971) ................................................................................................................ 16

*Wafenschmidt v. MacKay,*
   763 F.2d 711 (5th Cir. 1985) .................................................................................................. 13

## STATUTORY AUTHORITIES

18 U.S.C. §401(3) .......................................................................................................................... 14

## RULES AND REGULATIONS

Fed. R. Civ. P. 65(d)(1) ................................................................................................................. 11

Fed. R. Civ. P. 70 .......................................................................................................................... 11

Fed. R. Civ. P. 71 .......................................................................................................................... 12

Fed. R. Cr. P. 42(a) ....................................................................................................................... 15

Fed. R. Cr. P. 42(a)(1)(2) .............................................................................................................. 15

# INTRODUCTION

Plaintiff Herbalist & Alchemist, Inc. ("Herbalist") moves, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 65, 70 and 71, for an Order: (i) directing Defendants Alurent Products, Inc. and Will Clarent ("Defendants") and the third party agents, Facebook, Amazon, Twitter, Idweeds, Groupon, CBDDiagnosis, Supplement Police, Supplement Journal, Nfinx, Inc., YouTube and AT&T ("Third Party Agents") to immediately takedown any infringing material, including and without limitation the sale and advertisement of infringing products on their websites; (ii) directing Defendants to abandon, and Enom, Inc. ("Enom") and GoDaddy.com ("GoDaddy") to de-register, the herbal-alchemist.com and Nfinx.com domain names; (iii) appointing Herbalist to act on Defendants' behalf to cancel and de-register the domain name "www.herbal-alchemist.com" and "www.Nfinx.com"; (iv) directing Namecheap.com ("Namecheap") to takedown the website "www.NFinx.com"; (v) directing Let's Encrypt ("LE") to withdraw the SSL Certificate for Namecheap; (vi) directing AT&T to permanently disconnect the telephone number +1 530.677.1200; (vii) appointing Herbalist to act on Defendants' behalf to cancel and disconnect the telephone numbers +1 530.677.1200 and 877.730.5016; (viii) holding Defendants, Enom, GoDaddy, Namecheap, LE and/or the Third Party Agents in civil contempt if they fail to comply with this Order within ten (10) days; (iv) holding Defendant Will Clarent in criminal contempt and issuing an Order of Arrest and referral to the United States Attorney's Office for criminal contempt prosecution if he fails to comply with this Order within ten (10) days; (x) sanctioning Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents for their contempt in an amount to be determined upon motion to the Court, and which may be established through affidavit and/or documentary evidence; (xi) awarding Plaintiff

reasonable attorneys' fees and costs in connection with this Application and its takedown efforts to date; and (xii) granting such other relief as the Court deems equitable and just.

Herbalist also asks for leave to make further application to the Court for appropriate relief should the Parties fail to comply with any order issued by the Court in connection with this application.

## PRELIMINARY STATEMENT

Defendants' pattern of unlawful conduct and ignoring legal obligations has persisted, despite the Court's entry of an Order permanently enjoining Defendants and their agents from infringing on Plaintiff's HERBALIST & ALCHEMIST Mark (the "Mark" or the "Herbalist & Alchemist Mark") and Plaintiff's countless requests for compliance. Defendants continue to egregiously infringe Herbalist's Mark through its ongoing sale of fraudulent items that are confusingly similar to Herbalist's products on the website Nfinx.com (registered through GoDaddy and hosted by Namecheap), along with the promotion of its products through the online media platforms of Third Party Agents that aid and abet Defendants in their infringing activities. Indeed, not only have Defendants willfully ignored the March 8, 2017 Order, Enom, LE, GoDaddy, Namecheap, and the Third Party Agents have also failed to comply. Notwithstanding Herbalist submitting online infringement complaint forms and correspondence explaining and attaching this Court's Order to each Third Party Agent, all have either refused to act to stop Defendants' willful actions or simply ignored such notices. Enom has similarly refused to act to de-register Defendants' infringing domain name, defiantly arguing that the Court's Order did not appear to direct Enom to take action even though the order explicitly orders all parties in active participation with Defendants to cease engaging in any infringing use and cyberpiracy of Herbalist's Mark. LE has similarly refused to rescind the website's SSL

2

certificate, Nfinx.com has refused to remove the infringing content from its website and Namecheap and GoDaddy have failed to takedown the website, despite Herbalist's demand.

Given the foregoing, Herbalist was forced to re-open the matter and file the instant motion. The blatant violation of the Court's Order by Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents requires action. The Court's Order clearly found Defendants' sale and promotion of its goods, and the use of its domain name to infringe Plaintiff's Mark, and found that Plaintiff's committed bad faith cyberpiracy and unfair competition in violation of state and federal law. Defendants' should not be allowed to – and Enom, LE, GoDaddy, Namecheap and the Third Party Agents should not be permitted to continue aiding and abetting Defendants in – infringing Herbalist's Mark in defiance of this Court's Order.

Since 1981, Herbalist has owned all right, title and interest to the Mark. The Mark is of great and incalculable value to Herbalist, is highly distinctive and has become associated in the public mind with products and services of the highest quality and reputation originating with Herbalist. As a result of Herbalist's long-standing promotion, use and recognition of the Mark, it is a well-known and highly valuable asset of Herbalist and represents substantial goodwill. [Affidavit of Elizabeth Lambert in Support ("Lambert Aff.") at ¶¶ 2-4.]

Despite the Court's Order, Defendants continue to distribute dietary and nutritional supplements as well as cosmetics under the name "herbalalchemist." Given Defendants unlawful conduct, customers and others continue to experience confusion and consistently mistake Defendants' products and promotion as being Herbalist's work and product. [*Id.* at ¶ 7.]

Herbalist therefore requests that the Court grant all relief as is just and proper, including holding Defendants, Enom, LE, GoDaddy, Namecheap and the Third Party Agents in civil

contempt of Court, and holding Defendant Will Clarent in criminal contempt of Court for their brazen disrespect of the Court's rule of law and their waste of judicial resources.

## FACTUAL BACKGROUND

Herbalist commenced this action on November 30, 2016. Prior to bringing this action, Herbalist sent Defendants two cease and desist letters via certified mail and email on June 2, 2016, and July 14, 2016, giving Defendants actual notice of Herbalist's prior rights in and to the Mark, and demanding that Defendants cease all use of the Mark or any similar term. Notwithstanding these letters, Defendants continued to use the Mark and intentionally infringe Plaintiff's Mark and to falsely label their products. [Lambert Aff. at ¶ 6.] As of February 16, 2017, Defendants had still not answered or otherwise appeared in the action, causing Herbalist to move for default judgment, which the Court granted in its March 8, 2017 Order. [Doc. No. 28 at 1.] The Court found Defendants liable for violation of the Lanham Act and New York law in several respects, including: (1) using their goods with false designations of origin and false descriptions or representations; (2) for false, deceptive and misleading descriptions and misrepresentations in commercial advertising, labeling and marketing; (3) for unfair competition and passing off; (4) for bad faith cyberpiracy; and (5) for violation of the New York unfair competition law and the General Business Law. [*Id.* at 1-2.]

Based on Defendants' unlawful activities, the Court permanently enjoined and restrained Defendants, their agents and "all others in active concert or participation with Defendants" from making any other infringing use of Herbalist's Mark. [*Id.* at 3.] Importantly, the Court demanded that Defendants and its agents/participants cease from:

> Providing, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any services bearing any simulation,

4

reproduction, counterfeit, copy, or colorable imitation of Plaintiff's
Mark.

[*Id.* at 3.] The Order also very clearly forbids Defendants and their agents from "assisting,

aiding, or abetting" any person or business entity in violating the Order by infringing on

Herbalist's Mark. [*Id.*] In addition, the Court ordered the cancellation of Defendants' domain

name. [*Id.* at 4.]

Herbalist sent a certified copy of this Court's Order to Defendants as well as to the

United States Patent and Trademark Office on April 13, 2017, by express and regular mail.

(Declaration of Monica P. McCabe ("McCabe Decl.") ¶ 4; Exhibit A.] Although their website

appears to be temporarily suspended (but their domain name still active), Defendants continue to

sell and promote their products on the sites of the Third Party Agents. [McCabe Decl. ¶ 5;

Exhibit B.] As discussed in detail below, because Enom, the domain registrant, has refused to

de-register the domain name, Defendants are capable of avoiding their legal obligation to cancel

the website and have utilized at least two domain hosts to keep the website operational, allowing

customers, even an agent of Plaintiff, to purchase infringing products from the website.

Similarly, LE has refused to rescind the website's SSL Certificate, allowing Defendants to

continue to securely operate their fraudulent business with credit card purchases. [*Id.* ¶ 5.]

Pursuant to this Court's Order, Herbalist sent a letter to Defendants' domain registrar,

Enom, by email and regular mail on April 7, 2017, along with a copy of this Court's Order, and

requesting that Enom act expeditiously to cancel the herbalalchemist.com domain name. [*Id.* ¶

9; Exhibit C.] Enom responded that the Order did not reference the domain name

herbalalchemist.com, but rather "herbal-alchemist," and that it therefore was unable to take an

action because "herbal-alchemist" was not an "actual domain name." [*Id.*] Herbalist wrote to

Enom again on April 12, 2017, pointing out the language in the Order that required the

cancellation of Defendants' domain name, and again requesting that Enom act expeditiously to cancel the domain. [*Id.* ¶ 10; Exhibit D.] Enom again refused to cancel the domain name, arguing that the Court only directed Defendants, and not Enom, to cancel the domain "herbal-alchemist," despite clear language in the Order directing the cancellation and forbidding any party from assisting or participating in Defendants' infringement. [*Id.*] Enom also contended that because "herbal-alchemist" is not a domain name, and because registrants have complete control over all aspects of their domain names, Enom was unable to take any direct action. [*Id.*] Herbalist sent a supplemental demand for cancellation of the domain name on April 25, 2017, to which Enom responded for a third time that it was unable to cancel it because "herbal-alchemist" was not a proper domain. [*Id.* ¶ 11; Exhibit E.]

In addition, Herbalist contacted the domain host, Unified Layer, on May 3, 2017, demanding that the website "herbal-alchemist" be taken down. Unified Layer complied immediately and the website was taken down. [McCabe Decl. ¶ 12.] Incredibly, and in willful violation of the March 8, 2017 Order, Defendants immediately retained a new domain host, OVH, and within days after the website was taken down by Unified Layer, it was up and running again. [*Id.*; *see also* Exhibit A.] On May 24, 2017, Herbalist served a Demand for Cancellation on OVH by regular mail and email, and subsequently submitted an Abuse Report through OVH's website. [*Id.* ¶ 13; Exhibit F.] OVH responded to the Abuse Report, stating that it was unable to modify or delete content. Herbalist clarified that it was not seeking to have content removed, but was instead requesting that OVH stop hosting the herbal-alchemist.com website entirely. [*Id.*]

Presently, Defendants' website herbal-alchemist.com has been taken down temporarily but not cancelled. As a result, Defendants are capable of operating its infringing website at any

time once it obtains a new host.  Further, Defendants have utilized a second website, www.nfinx.com, to sell and promote its products, which is marketed on its Facebook page and other social media accounts. [Lambert Aff. at ¶ 5.]  Despite notification to NFinx, Inc., its domain registrar, GoDaddy, and its domain host, Namecheap, its SSL Certificate provider, LE, and demand for compliance with this Court's Order, Defendants' infringing content is still marketed, promoted and sold on the Nfinx website. [Lambert Aff. at ¶¶ 5, 9; McCabe Decl. at ¶ 15, Exhibit G.]

Defendants' behavior is so nefarious that after receiving a copy of the restraining notice and information subpoena Herbalist served on Amazon Payments, Inc. ("Amazon Pay"), Defendants stopped using Amazon Pay, and started using iCanPay in further blatant disregard of this Court's Order. [McCabe Decl. ¶ 16; Exhibit H.]  Defendants also continue to switch domain hosts to maintain their infringing website, despite their knowledge that some of their hosts are shutting the domain down in response to this Court's Order.

Likewise, in an ongoing effort to enforce the Court's March 8, 2017 Order, Herbalist sent countless notices to various third parties regarding Defendants' infringement, requesting the takedown of infringing content from their websites.  Of those third parties, the following Third Party Agents have ignored these repeated requests and this Court's Order:

**Facebook**

- On January 20, 2017, Herbalist submitted trademark infringement report form to Facebook.com. [McCabe Decl. ¶ 17; Exhibit I-1.]

- On the same date, Facebook rejected Herbalists requests, finding that Defendants were not infringing on the Mark. [*Id.*; Exhibit I-2.]

- Thereafter, on March 7, 2017, Herbalist sent a takedown notice by email to Facebook, requesting the removal of Defendants' page promoting their infringing material. [*Id.*; Exhibit I-3.]

- Facebook responded that the trademark in question corresponded to a pending application, and that it was different from the reported content. Facebook refused to comply with this Court's Order to disband the infringing material. [*Id.*; Exhibit I-4.]

- Herbalist supplemented its March 7, 2017 letter to Facebook on March 15, 2017, with a copy of this Court's Order, and again requested the removal of Defendant's page. [*Id.*; Exhibit I-5.]

- To date, Defendants maintain an operational Facebook page promoting its infringing content and linking its website "herbal-alchemist.com." [*See* Exhibit B.]

## Amazon

- On January 23, 2017, Herbalist submitted a trademark infringement form to Amazon.com. Amazon failed to substantively respond to the demand. [McCabe Decl. ¶ 18; Exhibit J-1.]

- Given Amazon's lack of response, on March 29, 2017, Herbalist submitted a supplemental demand, along with a copy of the Court's March 8, 2017 Order. Amazon, again, failed to substantively respond to the request. [*Id.*; Exhibit J-2.]

- Herbalist recently discovered that Amazon Web Services houses Defendants' shopping cart. To date, Amazon continues to sell Defendants' infringing content, and continues to support Defendants' online shopping chart. [*See* Exhibit B.]

## Groupon

- On January 24, 2017, Herbalist submitted a trademark infringement report form to Groupon.com. [*See* McCabe Decl. ¶ 20; Exhibit K-1.]

- On March 29, 2017, Herbalist sent takedown notices to Groupon by regular mail and email with a copy of this Court's Order, requesting the removal of Defendants' promotion of the infringing material. [*Id.*; Exhibit K-2.] Groupon failed to respond.

- To date, Defendants content remains on Groupon's website. [*See* Exhibit B.]

## Idweeds

- On January 24, 2017, and March 29, 2017, Herbalist sent takedown notices to Idweeds by regular mail and email with a copy of this Court's Order, requesting that Idweeds remove Defendants' infringing material, which advertised and promoted Defendants' products, from its website. [McCabe Decl. ¶ 21; Exhibit L.]

- Idweeds failed to respond and Defendants infringing content continues to be promoted on the website. [*See* Exhibit B.]

**CBDDiagnosis**

- On March 29, 2017, Herbalist sent a takedown notice to CBDDiagnosis by email with a copy of this Court's Order, requesting the removal of Defendants' infringing material. CBDDiagnosis failed to respond. [McCabe Decl. ¶ 22; Exhibit M.]

- To date, CBDDiagnosis continues to host articles and promotional material on its website regarding Defendants infringing products. [*See* Exhibit B.]

**Twitter**

- On January 23, 2017, Herbalist submitted a report for account impersonation to Twitter. [McCabe Decl. ¶ 23; Exhibit N-1.]

- Thereafter, on May 10, 2017, Herbalist sent a takedown notice to Twitter, along with this Court's Order, requesting the removal of Defendants' infringing material and Twitter account. [*Id.*; Exhibit N-2.]

- Twitter replied on June 8, 2017, stating that Defendants' account was not in violation of its trademark policy, despite Twitter's policy clearly stating that a violation occurs by "using another's trademark in a manner that may mislead or confuse others about your brand affiliation." [*Id.*; Exhibit N-3.] Twitter refused to comply with this Court's Order to remove the Defendants' infringing @herbalalchemis account.

- To date, Defendants continue to promote its infringing content and products and maintain an active Twitter account. [*See* Exhibit B.]

**Supplement Police**

- On January 24, 2017, Herbalist submitted a trademark infringement report to Supplement Police. [McCabe Decl. ¶ 24; Exhibit O-1.] Supplement Police responded to the same and removed the infringing content from its website. [*Id.*; Exhibit O-2.]

- Thereafter, on or about March 17, 2017, the infringing content was restored to the website. As a result, on March 29, 2017, a supplemental demand was sent, along with the Court's Order demanding that the infringing content be removed from the website. [*Id.*; Exhibit O-3.]

- Supplement Police failed to respond and the content remains on the website. [*See* Exhibit B.]

**Supplement Journal**

- On January 24, 2017, Herbalist submitted a trademark infringement report to Supplement Journal. [McCabe Decl. ¶ 25; Exhibit P-1.] Supplement Journal ignored the request and failed to respond.

- As a result, on March 29, 2017, a supplemental demand was sent, along with the Court's Order demanding the infringing content be removed from the website. [*Id.*; Exhibit P-2.] Supplement Journal failed to respond and the content remains on the website. [*See* Exhibit B.]

## YouTube

- On January 24, 2017, Herbalist submitted a trademark report to YouTube. [McCabe Decl. ¶ 26; Exhibit Q-1.]

- YouTube did not remove the infringing content and requested additional information, requiring Herbalist to serve Supplemental takedown letters on March 7, 2017 and March 29, 2017. [*Id.*; Exhibit Q-2.]

- Although YouTube removed some infringing content in response to the foregoing supplemental letters, it has failed to remove all infringing content maintained on its site.

- On June 2, 2017, Herbalist sent a further demand letter to remove the remaining infringing content on its site. [*Id.*; Exhibit Q-3.]

## AT&T

- On June 15, 2017, Herbalist sent a demand letter to AT&T requesting compliance with the March 8, 2017 Order by disconnecting Defendants' telephone number, which Defendants use to market and sell its products by telephone. AT&T has refused to comply without a court order. [McCabe Decl. ¶ 27; Exhibit R.]

Herbalist has spent significant resources, including attorneys' fees and costs, seeking to enforce the Order, which has been flagrantly disregarded and/or ignored by Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents. [Lambert Aff. at ¶¶ 8-9.] Herbalist therefore seeks an Order from the Court again compelling Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents to cease their infringing behavior or else face civil and criminal contempt, an Order of Arrest for Defendant Will Clarent, and sanctions in the form of attorneys' fees and costs.

## ARGUMENT

## I. THE COURT'S ORDER AND PERMANENT INJUNCTION IS CLEAR, UNAMBIGUOUS AND VALID

### A. Civil Contempt is Warranted Against the Corporate Entities for their Failure to Comply with the Court's Order

The Order entered by the Court on March 8, 2017, makes it clear that Defendants and their agents are permanently enjoined from engaging in any activity that infringes, or permits the infringement of, Herbalist's Mark. Judgments requiring parties to perform a specific act may be enforced by a subsequent order that the act be done at the disobedient party's expense, and by holding the disobedient party in contempt. FED. R. CIV. P. 70. Injunctions are enforceable through a court's contempt power, so long as the injunction is specific in terms and describes in reasonable detail the act or acts sought to be restrained. FED. R. CIV. P. 65(d)(1); *see also Sanders v. Air Line Pilots Ass'n, Int'l*, 473 F.2d 244, 247 (2d Cir. 1972); *Romeo & Juliette Laser Hair Removal, Inc. v. Assara*, No. 08-CV-0442 (DLC), 2016 U.S. Dist. LEXIS 24850, at *33 (S.D.N.Y. Feb. 29, 2016) ("Without the issuance of an injunction, reinforced by the contempt power associated with an injunction, there will be inadequate protection against the recurrence of the defendants' sharp business practices and the need for renewed litigation"). "A court may hold a party in civil contempt only if there is a clear and unambiguous order, noncompliance is proved clearly and convincingly, and the contemnor has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Mears v. Montgomery*, 535 Fed. App'x 37, 38 (2d Cir. 2013) (citing *Drywall Tapers & Pointers v. Local 530*, 889 F.2d 389, 394 (2d Cir. 1989)). An order can be enforced against a nonparty in the same way as against a party. FED. R. CIV. P. 71.

Here, the Order, which includes a permanent injunction, is very specific in detailing to whom the Order applies and what conduct is enjoined. The Court lists eleven bullet points of specific actions, i.e. imitating, copying, distributing, offering for distribution, publishing, displaying, distributing or using Defendants' infringing products. [Doc. No. 28 at 3-4.] The Court specifically forbids not only Defendants from using or promoting the infringing material, but also forbids any agents acting on behalf of Defendants, or any person or entity in "active concert or participation" with Defendants. [*Id.* at 3.] The Order is also clear that Defendants' domain name must be cancelled. [*Id.* at 4.]

Yet, Enom, Twitter and Facebook refuse to follow this Court's Order on the basis that the Order is not clearly directed at either entity. [McCabe Decl., ¶¶ 11, 17, 23.] Enom's failure to de-register Defendants' domain name, and Facebook's and Twitter's refusal to recognize Herbalist's trademark and Defendants' infringing product in the face of this Court's clear Order, is an egregious violation of the Court's directive. These entities, at the very least, are acting in concert with and assisting Defendants in direct contravention of the Order. Defendants, GoDaddy, Namecheap, LE and the Third Party Agents – Amazon, Idweeds, Groupon, Supplemental Police, Supplemental Journal, CBDDiagnosis, Nfinx, YouTube and AT&T – completely ignored the Court's Order and have continued to advertise, promote and sell Defendants' infringing material on their websites. [Lambert Aff. at ¶ 8.] Whether a party aids and abets the infringing conduct of the defendant requires a showing that "the non-party had actual knowledge of the judicial decree and violated it, and that the challenged action was taken for the benefit of, or to assist, a party subject to the decree." *Arista Records, LLC v. Vita Tkach*, 122 F. Supp. 3d 32, 36 (S.D.N.Y. 2015) (internal citations omitted); *see also Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 195-96 (2d Cir. 2010) ("Nonparties who reside outside the territorial

jurisdiction of a district court may be subject to the court's jurisdiction, if, with actual notice of the court's order, they actively aid and abet a party in violating that order") (citing *Wafenschmidt v. MacKay*, 763 F.2d 711, 714 (5th Cir. 1985)).

Herbalist sent multiple notices and the Order to Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents. Obviously, Enom, GoDaddy, Namecheap, LE and the Third Party Agents are profiting from allowing Defendants to advertise and/or sell the infringing products on their sites. Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents have therefore refused to comply with a clear and unambiguous Order, have not acted in a reasonably diligent manner and have not even attempted to comply.

Consequently, an Order should be issued: (1) holding Defendants, Enom, GoDaddy, Namecheap, LE and Third Party Agents in civil contempt of Court for violating the Court's March 8, 2017 Order and permanent injunction (the "March 8, 2017 Order"); (2) holding Clarent in criminal contempt for the same; (3) directing full compliance with the March 8, 2017 Order within ten (10) days of this Order; and (4) directing AT&T to permanently disconnect the telephone number +1 530.677.1200.

**B.      An Order Must Be Entered Permitting Herbalist to Act on Behalf of Defendants to Cancel and De-Register the Domain Name "herbal-alchemist.com" and "Nfinx.com"**

Rule 70 and 71 of the Federal Rules of Civil Procedure provides that if a judgment directs a party or non-party to perform any specific act, and the party fails to comply within the established time, the Court may order the act to be done, at the expense of the disobedient party, by some other person.

Here, the March 8, 2017 Order very clearly directed the cancellation of Defendants' domain name. [Doc. No. 28 at 4.] Despite the express directive of the Court and Herbalist's

effort to obtain compliance with the same, Defendants and Enom have refused to comply with the Order and have not cancelled Defendants' domain name "herbal-alchemist.com." Furthermore, LE has refused to rescind the website's SSL Certificate. [Lambert Aff. at ¶ 9.] Given the foregoing, Plaintiff respectfully requests that an Order be entered permitting it *to act on behalf* of Defendants to cancel and de-register the domain name "herbal-alchemist.com."

Likewise, for the reasons set forth above, Plaintiff must be authroized to cancel and de-register the website, www.Nfinx.com. Otherwise, Defendants will be able to continue to utilize this website to sell, promote and distribute it infringing products.

## C.  Defendant Will Clarent Should be Held in Criminal Contempt

Refusal to obey a court order may subject a person to both civil and criminal contempt for the same acts. *Leadsinger, Inc. v. Cole*, No. 05-CV-5606 (HBP), 2006 U.S. Dist. LEXIS 55550, at *66-67 (S.D.N.Y. Aug. 4, 2006) (citing *In re Grand Jury Witness*, 835 F.2d 437, 442 (2d Cir. 1987)); *see also Sec. Exch. Comm'n v. American Bd. of Trade, Inc.*, 830 F.2d 94, 96 (2d Cir. 1987) ("When a district court's order has been violated, the court may impose either civil contempt remedies or criminal contempt sanctions, or both"); 18 U.S.C. §401(3) ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as disobedience ore resistance to its lawful writ, process, order, rule, decree or command"). Punishment for criminal contempt takes place after "prosecution on notice;" however, "all that is required is that the defendants have been fairly and completely apprised of the events and conduct constituting the contempt charge ... to be judged with reference to all of the court papers served." *United States ex rel. Vuitton, Et Fils S.A. v. Karen Bags, Inc.*, 592 F. Supp. 734, 749 (S.D.N.Y. 1984) (finding that the show cause order provided sufficient information to inform defendants of the nature and particulars of the

contempt charge) (internal citations omitted); *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 446 F. Supp.2d 252, 276 (S.D.N.Y. 2006) (citing FED. R. CR. P. 42(a)).

To hold a defendant in criminal contempt, it must be proven that: "(1) the court entered a reasonably specific order; (2) defendant knew of that order; (3) defendant violated that order; and (4) his violation was willful." *JSC Foreign Econ. Ass'n Technostroyexport v. Int't Dev. & Trade Servs.*, 03-CV-5562 (JGK) (AJP), 2006 U.S. Dist. LEXIS 25884, at *20-21 (S.D.N.Y. May 1, 2006) (citing *United States v. Cutler*, 58 F.3d 825, 834 (2d Cir. 1995)). A defendant acts willfully when he or she acts with a "specific intent to consciously disregard an order of the court." *Id.* (citing *United States v. Lynch*, 162 F.3d 732, 735 (2d Cir. 1998)).

Clarent is the principal of Alurent, and as such he has direct control of the advertising and sale of Alurent's products under the "herbalalchemist" name. As explained above, the Court entered a very specific and detailed order, and Clarent knew of that order given the multiple notices sent out by Herbalist. Nevertheless, Clarent willfully violated that order by permitting Alurent to continue the infringing sale and promotion of its products, and by taking defiant actions such as moving the herbal-alchemist.com website to another domain host, finding another issuer of SSL certificates and switching Alurent's account to iCanPay. He has thus purposefully evaded the Court's Order, and should be punished accordingly with a referral to the United States Attorney's Office for criminal contempt prosecution. *See JSC Foreign Econ. Ass'n*, 2006 U.S. Dist. LEXIS 25884, at *21 (citing FED. R. CR. P. 42(a)(1)(2)).

## II. DEFENDANTS, ENOM, GODADDY, NAMECHEAP, LE AND THE THIRD PARTY AGENTS HAVE THE ABILITY TO COMPLY, BUT ARE REFUSING TO DO SO

Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents have the ability to comply with the Court's Order; however, they have continued to intentionally violate

the Order. Furthermore, Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents are not merely committing a de minimis violation of the Order – Defendants are continuing to infringe, and Enom, GoDaddy, Namecheap, LE and the Third Party Agents are continuing to assist Defendants in violating the law. All of these entities seem completely undeterred by this Court's Order.

There is no reasonable interpretation of the Order that would justify Defendants', Enom's, GoDaddy's, Namecheap's, LE's and the Third Party Agents' continued engagement in the activities expressly prohibited in the Order. There is no legitimate reason why the Third Party Agents are refusing or ignoring the Order short of an economic benefit in continuing to permit the sale and promotion of Defendants' product. Economic benefit or harm, however, should not a sufficient reason to violate a permanent injunction. *See Arista Records*, 122 F. Supp. 3d at 35 ("[A] person who knowingly assists a defendant in violating an injunction subjects himself to civil as well as criminal proceedings for contempt") (internal citations omitted). If a party refuses to comply with a court order, he or she may litigate the issue by arguing that it is unduly burdensome or otherwise unlawful. *United States v. Ryan*, 402 U.S. 530, 534 (1971); *see also Citronelle-Mobile Gatherin, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Parties subject to a court's order demonstrate an inability to comply only by showing that they have made in good faith all reasonable efforts to comply"). The Third Party Agents should not be permitted to take it upon themselves, however, to determine whether a party's trademark is infringing in the face of a Court Order already ruling that an infringement exists.

Likewise, there is no justifiable reason for Enom's failure to cancel Defendants' domain name. Enom claims that it cannot cancel Defendants' domain name for two reasons: 1) the

domain name stated in the order "herbal-alchemist" is not an actual domain, and 2) the Court

Order purportedly did not direct Enom to cancel the domain, but instead directed Defendants to

do so. Both arguments are absurd. First, as Defendants' domain registrar, Enom has knowledge

of Defendants' domain name such that it would be able to de-register it. Furthermore,

Herbalist's demand letter that accompanied the Order explicitly referenced Defendants' website,

herbalalchemist.com. [McCabe Decl. ¶ 10.] Second, if the Court only meant to direct

Defendants to cancel the domain name, it would not have enjoined Defendants' agents, aiders

and abettors, and all those in participation with Defendants from engaging in any of the

prohibited activities regarding the use of the infringing material. *See North Face Apparel Corp.*

*v. Fujian Sharing Imp. & Exp. Ltd.*, No. 10-CV-1630 (AKH), 2011 U.S. Dist. LEXIS 158807, at

*8 (S.D.N.Y. June 24, 2010) (finding that the domain name registrar aided and abetted by

supplying the link that connects the customer to the appropriate second-level domain name

server, which, in turn, directs the customer to the specific website addressed) (citing

*GlobalSantaFeCorp. v. Globalsantefe.com*, 250 F. Supp. 2d 610, 618-19 (E.D. Va. 2003)).

Enom's inaction not only violates this Court's Order but also precedent directly on point.

Defendants remain capable of operating its website once it engages another domain host. Enom

should therefore be required to de-register Defendants' domain name immediately, or be held in

contempt of Court.

      Furthermore, despite LE's assertions that it cannot abide by this Court's Order because it

cannot cancel Defendants' domain name, LE continues to aid and abet Defendants' infringing

activities by providing Defendants with a secure means by which to sell its products online with

credit card. [Lambert Aff. at ¶ 9.] Finally, there is no reasonable basis for Namecheap and

GoDaddy to outright ignore their legal obligations by refusing to comply with the March 8, 2017

Order. Namecheap and GoDaddy must be compelled to cancel the domain name Nfinx.com or directed to remove the infringing content marketed and sold on the website. LE should be directed to revoke its SSL certificate so that Defendants lose the ability to conduct secure transactions.

## III. THE COURT SHOULD SANCTION DEFENDANTS, ENOM AND THE THIRD PARTY AGENTS FOR THEIR EGREGIOUS BEHAVIOR

The continued infringement of the HERBALIST & ALCHEMIST Mark has caused Herbalist severe damage. [Lambert Aff. at ¶¶ 7-8.] Customers continue to contact Herbalist with confusion regarding the sale of Defendants' products and their website, causing substantial, and in some cases irreparable, harm. [Lambert Aff. at ¶¶ 5-7.] Herbalist has been deprived of the opportunity to earn profits by providing services to legitimate customers. [*Id.*] In addition, Herbalist has incurred substantial attorneys' fees as well as its own time in pursuing takedown efforts against various parties and non-parties, and in bringing this Motion.

Because the Court has wide discretion in determining an appropriate sanction, Herbalist requests that the Court award attorneys' fees and costs upon submission of a motion and evidence to the Court. *See Cardell Fin. Corp. v. Suchodolski Assocs.*, No. 09-CV-6148 (VM)(MHD), 2012 U.S. Dist. LEXIS 188295, at *215 ( S.D.N.Y. July 17, 2012), *adopted by* 2012 U.S. Dist. LEXIS 141297 (S.D.N.Y. Sept. 28, 2012) (citing *Rick v. Buchansky*, 2001 U.S. Dist. LEXIS 12158, at *5 (S.D.N.Y. Aug. 16, 2001)). Federal courts may award attorneys' fees when the interests of justice so require. *See e.g., Hall v. Cole,* 412 U.S. 1, 4-5 (1973); *B&M Linen, Corp. v. Kannegeisser, USA, Corp.*, 679 F. Supp. 2d 474, 485 (S.D.N.Y. 2010); *see also Cardell Fin Corp.*, 2012 U.S. Dist. LEXIS 141297, at *330 (ordering a party to pay petitioner's compensatory damages in the amount of reasonable attorneys' fees and costs).

18

The Second Circuit has held that a movant is entitled to attorneys' fees on a contempt motion as long as the violation was willful, *see e.g. Arista Records,* 122 F. Supp. 3d at 39; *Edgar Berebi, Inc. v. Ditbro Pearl Co.,* No. 89-CV-6837 (SWK), 1990 U.S. Dist. LEXIS 14721, at *6 (S.D.N.Y. 1990). Here, it is abundantly clear that Defendants, Enom, LE and the Third Party Agents have acted willfully. Enom, LE, Facebook and Twitter knowingly violated the Court's Order in refusing to comply with taking down the infringing material, and Defendants, GoDaddy, Namecheap and the other Third Party Agents have completely ignored the Court's Order. Herbalist therefore respectfully asks the Court to award attorneys' fees upon the submission of evidence to the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff Herbalist & Alchemist, Inc. respectfully requests that the Court grant its application for an Order: (i) directing Defendants Alurent Products, Inc. and Will Clarent ("Defendants") and the third party agents, Facebook, Amazon, Twitter, Idweeds, Groupon, CBDDiagnosis, Supplement Police, Supplement Journal, Nfinx, Inc., YouTube and AT&T ("Third Party Agents") to immediately takedown any infringing material, including and without limitation the sale and advertisement of infringing products on their websites; (ii) directing Defendants to abandon, and Enom, Inc. ("Enom") and GoDaddy.com ("GoDaddy") to de-register, the herbal-alchemist.com and Nfinx.com domain names; (iii) appointing Herbalist to act on Defendants' behalf to cancel and de-register the domain name "www.herbal-alchemist.com" and "www.Nfinx.com"; (iv) directing Namecheap.com ("Namecheap") to takedown the website "www.NFinx.com"; (v) directing Let's Encrypt ("LE") to withdraw the SSL Certificate for Namecheap; (vi) directing AT&T to permanently disconnect the telephone number +1 530.677.1200; (vii) appointing Herbalist to act on Defendants' behalf to cancel and

disconnect the telephone numbers +1 530.677.1200 and 877.730.5016; (viii) holding Defendants, Enom, GoDaddy, Namecheap, LE and/or the Third Party Agents in civil contempt if they fail to comply with this Order within ten (10) days; (iv) holding Defendant Will Clarent in criminal contempt and issuing an Order of Arrest and referral to the United States Attorney's Office for criminal contempt prosecution if he fails to comply with this Order within ten (10) days; (x) sanctioning Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents for their contempt in an amount to be determined upon motion to the Court, and which may be established through affidavit and/or documentary evidence; (xi) awarding Plaintiff reasonable attorneys' fees and costs in connection with this Application and its takedown efforts to date; and (xii) granting such other relief as the Court deems equitable and just.

Dated: New York, New York
     July 6, 2017

PHILLIPS NIZER LLP

By: /s/: Monica P. McCabe
     Monica P. McCabe
     Janeen R. Hall
666 Fifth Avenue
New York, New York 10103
(212) 977-9700
*Attorneys for Plaintiff Herbalist & Alchemist, Inc.*

20