Monica M. McCabe, Esq.
(mmcabe@phillipsnizer.com)
Janeen R. Hall, Esq.
(jhall@phillipsnizer.com)
Phillips Nizer LLP
666 Fifth Avenue
New York, New York 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
*Attorneys for Plaintiff Herbalist & Alchemist, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

HERBALIST & ALCHEMIST, INC.,

         Plaintiff,

 - against -

ALURENT PRODUCTS, INC. and WILL CLARENT,

         Defendants.
---------------------------------------------------------------------- x

Civil No. 16-cv-9204 (ER)

**DECLARATION OF MONICA P. MCCABE IN SUPPORT OF THE ORDER TO SHOW CAUSE TO ENFORCE VIOLATIONS OF A COURT ORDER AND PERMANENT INJUNCTION**

Monica Petraglia McCabe hereby declares as follows:

 1. I am an attorney licensed to practice law in the State of New York and this judicial district. I am a partner at the law firm of Phillips Nizer LLP, and am counsel for Plaintiff Herbalist & Alchemist, Inc. ("Herbalist" or "Plaintiff") in this action.

 2. This Declaration is filed in support of Herbalist's application for an Order: (i) directing Defendants Alurent Products, Inc. and Will Clarent ("Defendants") and the third party agents, Facebook, Amazon, Twitter, Idweeds, Groupon, CBDDiagnosis, Supplement Police, Supplement Journal, Nfinx, Inc., YouTube and AT&T ("Third Party Agents") to immediately takedown any infringing material, including and without limitation the sale and advertisement of infringing products on their websites; (ii) directing Defendants to abandon, and Enom, Inc.

1

("Enom") and GoDaddy.com ("GoDaddy") to de-register, the herbal-alchemist.com and Nfinx.com domain names; (iii) appointing Herbalist to act on Defendants' behalf to cancel and de-register the domain name "www.herbal-alchemist.com" and "www.Nfinx.com"; (iv) directing Namecheap.com ("Namecheap") to takedown the website "www.NFinx.com"; (v) directing Let's Encrypt ("LE") to withdraw the SSL Certificate for Namecheap; (vi) directing AT&T to permanently disconnect the telephone number +1 530.677.1200; (vii) appointing Herbalist to act on Defendants' behalf to cancel and disconnect the telephone numbers +1 530.677.1200 and 877.730.5016; (viii) holding Defendants, Enom, GoDaddy, Namecheap, LE and/or the Third Party Agents in civil contempt if they fail to comply with this Order within ten (10) days; (iv) holding Defendant Will Clarent in criminal contempt and issuing an Order of Arrest and referral to the United States Attorney's Office for criminal contempt prosecution if he fails to comply with this Order within ten (10) days; (x) sanctioning Defendants, Enom, GoDaddy, Namecheap, LE and the Third Party Agents for their contempt in an amount to be determined upon motion to the Court, and which may be established through affidavit and/or documentary evidence; (xi) awarding Plaintiff reasonable attorneys' fees and costs in connection with this Application and its takedown efforts to date; and (xii) granting such other relief as the Court deems equitable and just.

   3. Since discovery of Defendants' infringement of the HERBALIST & ALCHEMIST Mark (the "Mark") in May 2016, Herbalist has spent significant resources trying to preserve its reputation and substantial goodwill, and end the confusion created by Defendants regarding Herbalist's distinctive Mark. On June 2, 2016, and July 14, 2016, Herbalist sent Defendants two cease and desist letters via certified mail and email, giving Defendants actual notice of Herbalist's prior rights in and to the Mark. Defendants failed to acknowledge

Herbalist's demand, causing Herbalist to commence this action on November 30, 2016. Herbalist moved for default judgment on February 16, 2017, following Defendants' failure to answer or otherwise appear in this action. The Court subsequently entered its March 8, 2017 Order, finding Defendants liable for trademark infringement and other violations of federal and state law.

4. On April 13, 2017, Herbalist served Defendants, as well as the United States Patent and Trademark Office, with a certified copy of the Court's Order and permanent injunction. A true and correct copy of the letter and Order is attached as **Exhibit A**. Defendants never responded to that letter or any of the many other communications sent to them on behalf of Plaintiff.

5. To date, Defendants website at herbal-alchemist.com has not been cancelled and remains registered by Enom, in deliberate and unabashed disregard for this Court's Order and Plaintiff's legal rights in its Mark. LE has also refused to rescind the website's SSL Certificate. Defendants also continue to promote and sell their products through Third Party Agents. The Third Party Agents not only permit Defendants to advertise, promote and sell their infringing products and mark, but also act as a conduit for the public to reach Defendants' website, Nfinx.com, that sells Defendants' products. True and correct copies of these websites are attached hereto at **Exhibit B**.

6. Indeed, because Defendants' website has recently been temporarily taken down (though not cancelled), Defendants utilize the website nfinx.com, on its domain host, Namecheap, which is registered by Enom, to sell its infringing products in flagrant disregard of the Court's Order.

7. Likewise, Defendants' continue to sell its infringing products through a telephone number hosted by AT&T at +1 530.677.1200 and on a number, 877.730.5016 that we have been unable to identify the host.

8. Since entry of this Court's Order, Herbalist has taken many steps and expended substantial resources to enforce its trademark rights under federal and state law. Herbalist's takedown and enforcement efforts are detailed as follows:

**<u>Herbalist's Attempts to Cancel and De-Register Defendants' Domain Name</u>**

9. On April 7, 2017, Herbalist served the domain registrar, Enom, with a copy of the Court's Order pursuant to the Terms & Conditions found on Enom's website, and requested that Enom act expeditiously to cancel the herbalalchemist.com domain name. Enom responded that it could not take any action because "the included order does not appear to reference the domain herbalalchemist.com but rather 'herbal-alchemist.'" A true and correct copy of this exchange is attached hereto as **Exhibit C**.

10. On April 12, 2017, Herbalist again contacted Enom, pointing out the language in the Order that required the cancellation of Defendants' domain name and requesting that Enom act to cancel the domain. Enom again refused, stating that it was unable to honor Herbalist's request because: "1) 'herbal-alchemist' is not an actual domain name, and as such we do not have the technical ability to transfer or cancel 'herbal-alchemist';" and "2) The court order does not appear to be directing Enom take action on this matter, but rather Alurent Products, Inc., and Will Clarent, who are presumably the registrant(s) of 'herbal-alchemist'." A true and correct copy of this exchange is attached hereto as **Exhibit D**.

11. On April 25, 2017, Herbalist sent Enom a supplemental demand for cancellation of the domain name, to which Enom responded that it was "respectfully [maintaining its]

position that "herbal-alchemist" is not a domain name, and alleging that as the domain name registrar, infringing content does not reside on its servers. A true and correct copy of this exchange is attached hereto as **Exhibit E**.

12. Following Enom's refusal to comply with the Order, Herbalist contacted Defendants' domain host, Unified Layer, on May 3, 2017, demanding that the website "herbal-alchemist" be taken down. Unified Layer complied and immediately took the website down. However, Defendants audaciously retained a new domain host, OVH, within days of the website being taken down by Unified Layer.

13. On May 24, 2017, Herbalist served a Demand for Cancellation on OVH by regular mail and email. Herbalist also submitted a trademark Abuse Report through OVH's website pursuant to OVH's Terms & Conditions. OVH stated that it was unable to modify or delete content. Herbalist clarified that it was not seeking to have content removed, but was instead seeking to have OVH take down the website in its entirety. On June 12, 2017, OVH confirmed it no longer hosted Defendants' website. A copy of this exchange is attached hereto as **Exhibit F**.

14. Presently, Defendants' website herbal-alchemist.com has been taken down but not cancelled. As a result, Defendants are capable of operating its infringing website at any time once it obtains a new host.

15. Further, given Defendants' present (but not permanent) inability to use its infringing website "herbal-alchemist.com", they have utilized their website "Nfinx.com" to promote and sell its infringing products, which is also marketed on its Facebook and other social media accounts. Despite Herbalist's demand to NFinx, Inc., the website's host Namecheap, and the registrar GoDaddy, the domain name has not been cancelled and the infringing material has

not been taken down from the website. True and correct copies of Herbalist's demands are collectively attached hereto at **Exhibit G.**

16. Defendants' blatant disregard of the Court's Order continues. For example, on May 10, 2017, Herbalist served a restraining notice and information subpoena on Amazon Payments, Inc. ("Amazon Pay"), a service that Defendants utilized to receive payments from its customers. A copy of the restraining notice and subpoena was served on Defendants. After the notice, Defendants incredibly stopped using Amazon Pay and began using iCanPay, in further disregard of this Court's Order. A true and correct copy of the iCanPay website's home page is attached hereto as **Exhibit H**.

**Herbalist's Takedown Efforts against the Third Party Agents**

17. On January 20, 2017, Herbalist submitted a trademark infringement report form on Facebook.com. A true and correct copy of Facebook's report form is attached hereto as **Exhibit I-1**. Facebook rejected Herbalist's requests and found that Defendants were not infringing the Mark. A true and correct copy of Facebook's response is attached hereto as **Exhibit I-2**. On March 7, 2017, Herbalist sent a takedown notice to Facebook, pursuant to the Terms & Conditions found on Facebook's website, with a copy of the Clerk's Certificate of Default. A true and correct copy of the takedown notice is attached hereto as **Exhibit I-3**. In response, Facebook stated that the trademark in question corresponded to a pending application, and that it was different from the reported content. A true and correct copy of Facebook's response is attached hereto at **Exhibit I-4**. On March 15, 2017, Herbalist supplemented the takedown notice and attached a copy of this Court's Order. A true and correct copy of the supplement takedown notice is attached hereto as **Exhibit I-5**. Herbalist twice requested removal of Defendants' page that promoted their infringing material. Defendants' Facebook

page with its infringing material is still operational, and contains a link to the herbal-alchemist.com website.

18. On January 23, 2017, Herbalist submitted a trademark infringement form on Amazon.com. A true and correct copy of Amazon's trademark infringement form is attached hereto at **Exhibit J-1**. Amazon failed to respond to the demand. On March 29, 2017, Herbalist submitted a supplemental demand and a copy of this Court's Order on Amazon's Legal Department pursuant to the Terms & Conditions found on Amazon's website. A true and correct copy of the supplemental demand is attached hereto as **Exhibit J-2**. Amazon again failed to respond and continues to sell Defendants' infringing content.

19. Herbalist also discovered that Amazon Web Services houses Defendants' online shopping cart, which permits shoppers to purchase Defendants' products.

20. On January 24, 2017, Herbalist submitted a trademark infringement form on Groupon.com. A true and correct copy of Groupon's infringement form is attached hereto as **Exhibit K-1**. Herbalist served a supplemental demand on March 29, 2017, along with a copy of this Court's Order pursuant to the Terms & Conditions found on Groupon's website. Herbalist requested the immediate removal of Defendants' promotion of the infringing material. True and correct copies of these demand letters are attached hereto as **Exhibit K-2**. Groupon failed to respond to any of Herbalist's demands.

21. On January 24, 2017, and March 29, 2017, Herbalist sent takedown notices and a copy of this Court's Order to Idweeds by regular mail and email pursuant to Idweeds' Terms & Conditions. True and correct copies of the takedown notices are attached hereto as **Exhibit L**. Herbalist requested that Idweeds remove Defendants' advertisements and promotion of its infringing material. Idweeds failed to respond.

22. On March 29, 2017, Herbalist sent a takedown notice to CBDDiagnosis by email with a copy of this Court's Order pursuant to CBDDiagnosis' Terms & Conditions. A true and correct copy of the takedown notice is attached hereto as **Exhibit M**. Despite Herbalist's request that CBDDiagnosis remove Defendants' infringing material, CBDDiagnosis continues to host infringing articles and promotional material on its website.

23. On January 23, 2017, Herbalist submitted a report for account impersonation to Twitter. A true and correct copy of that report is attached hereto as **Exhibit N-1**. Herbalist sent a takedown notice to Twitter pursuant to Twitter's Terms & Conditions on May 10, 2017, with a copy of this Court's Order, and requested the removal of Defendants' infringing material and Twitter account. A true and correct copy of the takedown notice is attached hereto as **Exhibit N-2**. On June 8, 2017, Twitter responded that Defendants' @herbalalchemis account did not violate Twitter's trademark policy, and that it would not take any action. True and correct copies of Twitter's response, its trademark policy and Defendants' account page are attached hereto as **Exhibit N-3**. Defendants still maintain an active Twitter account.

24. On January 24, 2017, Herbalist submitted a trademark infringement report to Supplement Police. A true and correct copy of the report is attached hereto as **Exhibit O-1**. Supplement Police subsequently removed the infringing content from its website, but the content was later restored on or about March 17, 2017. A true and correct copy of Supplement Police's response is attached hereto as **Exhibit O-2**. Herbalist sent a supplemental demand pursuant to Supplemental Police's Terms & Conditions on March 29, 2017, along with a copy of this Court's Order, demanding that the infringing content be removed from the website. A true and correct copy of the supplemental demand is attached hereto as **Exhibit O-3**. The content still remains on Supplement Police's website.

25. On January 24, 2017, Herbalist submitted a trademark infringement report to Supplement Journal. A true and correct copy of the report is attached hereto as **Exhibit P-1**. Supplement Journal ignored this request. On March, 29, 2017, Herbalist sent a supplemental demand pursuant to Supplement Journal's Terms & Conditions, along with a copy of this Court's Order. A true and correct copy of the demand is attached hereto as **Exhibit P-2**. Supplement Journal failed to respond to Herbalist's demand, and Defendants' content still remains on Supplement Journal's website.

26. On January 24, 2017, Herbalist submitted a trademark report to YouTube. A true and correct copy of the report is attached hereto as **Exhibit Q-1**. YouTube did not remove the infringing content and requested additional information. In response, Herbalist submitted takedown letters pursuant to YouTube's Terms & Conditions on March 7, 2017 and March 29, 2017. True and correct copies of the takedown letters are attached hereto as **Exhibit Q-2**. YouTube removed some of the infringing content, but it has failed to remove all infringing content maintained on its site. Thereafter, on June 2, 2017, a further demand was submitted to YouTube requesting that the remaining infringing content be taken down from its website. To date, YouTube has not responded to this demand. A true and correct copy of the supplemental demand is attached hereto at **Exhibit Q-3**.

27. Defendants have also continued to market and sell its products by telephone, utilizing the services of AT&T and others to do so. On June 15, 2017, Herbalist sent a demand letter to AT&T requesting compliance with the March 8, 2017 Order by disconnecting Defendants' telephone number. AT&T has refused to comply without a court order directing it to cancel the phone number. A true and correct copy of Herbalist's demand to AT&T is attached hereto at **Exhibit R**.

**Conclusion**

28.	LE, GoDaddy, Nfinx, Namecheap and most of the Third Party Agents have ignored this Court's Order, making it impossible for Herbalist to enforce the Court's action and recoup its losses in the face of Defendants' continuing infringement.  In addition, Enom, and Facebook have failed to comply in complete disregard for the Court's Order.  Herbalist therefore needs the Court's intervention to protect Herbalist's legal rights by holding Defendants, Enom, LE, GoDaddy, Nfinx, Namecheap and the Third Party Agents in contempt of the Court's March 8, 2017 Order and permanent injunction, and to compensate Plaintiff for the significant amount of time and resources spent in making the instant application and pursuing takedown efforts.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief.

Dated:	New York, New York
	July 6, 2017

			PHILLIPS NIZER LLP

			By: /s/: Monica P. McCabe
				Monica P. McCabe
			666 Fifth Avenue
			New York, New York 10103
			(212) 977-9700
			*Attorneys for Plaintiff Herbalist &*
			*Alchemist, Inc.*