**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HERBALIST & ALCHEMIST, INC.,<br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALURENT PRODUCTS, INC. and WILL CLARENT,<br>　　　　　　　　　　Defendants. | Case No. 16-cv-9204 (ER) |

**DECLARATION OF BRIGGS MATHESON IN SUPPORT OF NONPARTY**
**FACEBOOK, INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

I, BRIGGS MATHESON, declare as follows:

1.  I am an attorney licensed to practice law in the State of California, I am in the process of preparing a motion for admission pro hac vice in this Court. I am an associate at the law firm of Keker, Van Nest & Peters LLP, and am counsel for nonparty respondent Facebook, Inc. ("Facebook"). I submit this declaration in support of Facebook's Response to Order to Show Cause, filed concurrently herewith. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2.  On July 25, 2017, Facebook received a service copy of the Order to Show Cause, entered on July 20, 2017 (the "OSC") in the above captioned case, which identifies Facebook as one of several "third parties." Dkt. 34. The OSC directs the third parties, including Facebook, to show cause why the default judgment and permanent injunction should not be enforced to require them "to immediately takedown any infringing material, including and without limitation the sale and advertisement of infringing products on their websites." *Id.* at 2.

3.  On August 1, I participated in a phone call with Plaintiff Herbalist & Alchemist, Inc.'s ("H&A") counsel, Monica P. McCabe, regarding the OSC and Plaintiff's request that Facebook remove certain allegedly infringing content from Facebook's platform. My colleague, Paven Malhotra also participated on the call. During the call, we informed Plaintiff's counsel that the Facebook Page identified by Plaintiff as infringing—i.e., the Facebook Page attached as Exhibit I to the declaration of Monica McCabe in support of Plaintiff's Letter Motion for Contempt—was no longer available on Facebook's platform.

4.  Later on August 1, Plaintiff's counsel sent Facebook's counsel an email identifying a Facebook Search result that displayed links to two third-party websites that allegedly were infringing.

5.     On August 3, 2017, Facebook's counsel informed Plaintiff's counsel that the two links identified in counsel's August 1 email were no longer visible in Facebook Search results.

6.     Later on August 3, Plaintiff's counsel sent another email to Facebook's counsel purporting to identify four newly discovered "links that infringe on our client's product." These materials were not mentioned in the Order to Show Cause or Plaintiff's letter motion seeking a contempt order. Facebook counsel responded that some of the links were either for third party sites or for entire Facebook Pages that contained posts that do not appear to infringe upon Plaintiff's asserted trademark. On August 7, Plaintiff reiterated its request that the entire Pages be removed. The parties continue to confer about these requests.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on August 7, 2017, in San Francisco, California.

_____
BRIGGS MATHESON