UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: ____1|9|17____
```

HERBALIST & ALCHEMIST, INC.,

                            Plaintiff,

        - against -

ALURENT PRODUCTS, INC. and WILL
CARENT a/k/a WILL CLAREN,

                            Defendants.

**ORDER**

16 Civ. 9204 (ER)

Ramos, D.J.:

      Herbalist & Alchemist Inc. ("Plaintiff") brought this action against Alurent Products, Inc. and Will Clarent a/k/a/ Will Claren ("Claren," together, "Defendants") on November 30, 2016, asserting the following causes of actions:  trademark infringement under 15 U.S.C. § 1125(a), false designation of origin under 15 U.S.C. § 1125(a), false advertising under 15 U.S.C. § 1125(a)(1)(B), unfair competition under 15 U.S.C. § 1125(a)(1)(A), cyberpiracy under 15 U.S.C. § 1125(d)(1)(A), New York common law unfair competition, violation of Sections 349(a), 349(h), 350 and 350-a of the New York General Business Law, and violation of Section 360-1 of the New York General Business Law.  Doc. 8.

      On March 8, 2017, the Court granted Plaintiff's application for default judgment and permanent injunction against the Defendants.  Doc. 28.  On September 18, 2017, the Court further issued an order which stated, *inter alia*, that Defendants must "immediately take down any infringing Herbal Alchemist material, including without limitation, the sale and advertisement of infringing Herbal Alchemist products on their websites www.nfinx.com/shop, www.natural-alchemist.com and on any other website owned or controlled by either Defendant,"

and "any infringing material that references the Herbal Alchemist name and all variations thereof." Doc. 89 ¶¶ 1, 4.

By letter dated October 26, 2017, Plaintiff asserted that Claren failed to comply with the September 18, 2017 order, and asked the Court to find Claren in criminal contempt, to issue an order of arrest for Claren and to refer the matter to the United States Attorneys' Office for prosecution. *Id.* at 1-2. By order dated November 10, 2017, the Court instructed Plaintiff to provide, *inter alia*, further details of Claren's alleged infringements. Doc. 97. On December 22, 2017, Plaintiff provided information showing that Claren engaged in the following misconduct since September 18, 2017:  (1) changed the name of his website in order to continue the infringing activities; (2) changed the host for his website as the prior host had taken it down; (3) posted his infringing products on various third party websites; (4) continued to communicate with customers and prospective customers on the telephone in order to promote and sell his infringing products; and (5) failed to take down infringing material on his Twitter page. Doc. 98 at 2-6.  Claren has not appeared in this action to date.

The purpose of a criminal contempt is to punish the party for prior conduct whereas the purpose of a civil contempt is in order to coerce a party's compliance with a court order.  *S.E.C. v. Princeton Econ. Int'l Ltd.*, 7 F. App'x 65, 66-67 (2d Cir. 2001).  "If either of the two orders appears efficacious, the better practice is to enter civil contempt to persuade a party to comply, reserving the more drastic, punitive [criminal] sanction only if disobedience continues." *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988); *see also United States v. Petito,* 671 F.2d 68, 72 (2d Cir. 1982) ("A trial court ordinarily first applies the coercive remedy of civil contempt and only makes use of the criminal sanction when the disobedience continues.").

"A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). It need not be established that the violation was willful. *Id.* (citing *Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 59 (2d Cir. 1984)). In contrast, in order to hold a defendant in criminal contempt, a court must find that the violation was willful, *i.e.*, that the act was committed with "a specific intent to consciously disregard an order of the court." *United States v. Lynch,* 162 F.3d 732, 735 (2d Cir. 1998) (citations omitted).

Here, the record shows that Claren has not diligently attempted to comply with the Court's clear orders to refrain from infringing activities. Despite two orders from the Court instructing him to immediately take down infringing material, he has failed to do so, and indeed, continued to post the infringing content on new websites. Accordingly, the Court holds Clarens in civil contempt and awards Plaintiff reasonable attorneys' cost and fees that it incurred due to Claren's non-compliance. However, the Court declines to issue a finding of criminal contempt at this stage as it finds that a criminal sanction would not be more efficacious.

It is SO ORDERED.

Dated:    January 9, 2018
          New York, New York

Edgardo Ramos, U.S.D.J.