UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

HERBALIST & ALCHEMIST, INC.                     :

                                        Plaintiff,     :     Civil No. 16-cv-9204 - ER

                                                       :

                - against -                            :

                                                       :

ALURENT PRODUCTS, INC. and WILL CLAREN,    :

                                                       :

                                        Defendants.    :

                                                       :

------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF HERBALIST & ALCHEMIST, INC.'S MOTION FOR
## ATTORNEYS' FEES, COSTS AND ADDITIONAL SANCTIONS

PHILLIPS NIZER LLP
Monica Petraglia McCabe
Rachel Bandli
666 Fifth Avenue
New York, NY 10103
(212) 977-9700

Attorneys for Plaintiff Herbalist & Alchemist, Inc.

**TABLE OF CONTENTS**

Page

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

ARGUMENT ....................................................................................................................... 2

POINT I      PLAINTIFF IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS
INCURRED DUE TO DEFENDANT'S NONCOMPLIANCE, AND
ADDITIONAL SANCTIONS AGAINST DEFENDANTS ARE WARRANTED.. 2

     A.    Because Defendants Have Failed to Comply with This Court's
Orders, an Award of Attorneys' Fees and Costs and the Imposition of
Additional Sanctions are Warranted.      2

        1.    This Court Has Authority to Award Attorneys' Fees and Costs
to Plaintiff.      2

        2.    The Amount of Fees and Costs Requested by Plaintiff Is
Reasonable and Properly Calculated Under This District's
Rules      3

        3.    An Additional Compensatory Sanction on Defendants for
Losses Incurred by Plaintiff Is Warranted.      5

        4.    This Court Should Order the Delivery of Remaining
Infringing Inventory to Herbalist & Alchemist's Counsel for
Destruction.      6

     B.    Conclusion      6

## INTRODUCTION

This litigation was filed after Plaintiff, Herbalist & Alchemist, Inc. ("Herbalist & Alchemist" or "Plaintiff"), discovered that Defendants, Alurent Products, Inc. and Will Claren ("Defendants"), were infringing Plaintiff's rights in its "HERBALIST & ALCHEMIST" trademark. When Defendants failed to respond to Plaintiff's Summons and Complaint, Plaintiff moved for default judgment. The Court granted default judgment against Defendants on March 9, 2017. Because Defendants continued to infringe Plaintiff's trademark, Plaintiff filed an Order to Show Cause for Contempt. (Dkt. No. 34.)

Following a hearing on Plaintiff's Order to Show Cause, this Court held in its September 18, 2017 Order that Defendants needed to comply with the Order within ten days or they would be found in contempt. (Dkt. No. 88 at ¶¶ 10-11.) Further, the Court determined that Defendants would be sanctioned, "including and without limitation, an award of reasonable attorneys' fees and costs in connection with this Application and Plaintiff's takedown efforts to date." (Dkt. No. 88 at ¶ 12.) Plaintiff notified the Court in two letters (Dkt. Nos. 96, 98) that Defendants had failed to take any meaningful steps to comply with the Court's September 18, 2017 Order.

After receipt and review of Plaintiff's letters, on January 9, 2018, the Court held Defendant Will Claren in civil contempt and awarded Plaintiff "reasonable attorneys' cost[s] and fees that it incurred due to Claren's non-compliance." (Dkt. No. 99 at 3.) Plaintiff now moves for its attorneys' fees, costs and sanctions in the total amount of $169,990.28 as a result of Defendant's failure to comply with the Orders of this Court.

## STATEMENT OF FACTS

A full recounting of relevant facts in this proceeding are provided in the Memorandum of Law in Support of Plaintiff's Application for Default Judgment (Dkt. No. 25), the Memorandum of Law in Support of Plaintiff's Order to Show Cause (Dkt. No. 35), and the Plaintiff's Letters to the Court regarding Defendants continuing infringing activity.  (Dkt. Nos 96, 98).

## ARGUMENT

### POINT I
### PLAINTIFF IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS INCURRED DUE TO DEFENDANT'S NONCOMPLIANCE, AND ADDITIONAL SANCTIONS AGAINST DEFENDANTS ARE WARRANTED.

**A.      Because Defendants Have Failed to Comply with This Court's Orders, an Award of Attorneys' Fees and Costs and the Imposition of Additional Sanctions are Warranted.**

       **1.      This Court Has Authority to Award Attorneys' Fees and Costs to Plaintiff.**

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966).  Sanctions may be "imposed on a party held in civil contempt . . . to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56 (2d Cir. 1982).  The Second Circuit has further held that a movant is entitled to attorneys' fees on a contempt motion as long as the violation was willful, *see, e.g.*, *Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979); *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 39 (S.D.N.Y. 2015); *Edgar Berebi, Inc. v. Ditbro Pearl Co.*, No. 89-CV-6837 (SWK), 1990 U.S. Dist. LEXIS 14721, at *6 (S.D.N.Y. 1990).  Further, federal courts may award attorneys' fees when the interests of justice so require. *See e.g.*, *Hall v. Cole*, 412 U.S. 1, 4-5 (1973); *B&M Linen, Corp. v. Kannegeisser, USA, Corp.*, 679 F. Supp. 2d 474,

485 (S.D.N.Y. 2010); *see also Cardell Fin Corp. v. Suchodolski Assocs.*, 896 F. Supp.2d 320, 330 (S.D.N.Y. 2012) (ordering a party to pay petitioner's compensatory damages in the amount of reasonable attorneys' fees and costs). This Court recognized and applied its authority to grant Plaintiff attorneys' fees and costs in its Order dated January 9, 2018. (Dkt. No. 99 at 3.)

### 2. The Amount of Fees and Costs Requested by Plaintiff Is Reasonable and Properly Calculated Under This District's Rules

In awarding attorneys' fees, courts generally consider the complexity and magnitude of the case, responsibility undertaken, the amount recovered, work done and time expended by prevailing parties' attorneys, together with the reasonableness of time spent and what counsel would likely charge as a reasonable fee to the prevailing litigants. *See Milene Music, Inc. v. Gotauco,* 551 F. Supp. 1288, 1298 (D.R.I. 1982); *see also Cable/Home Commc'ns Corp. v. Network Prods., Inc.,* 902 F.2d 829, 854 (11th Cir. 1990) (attorneys' fees award in the amount of $451,789.06 was supported by record and was reasonable); *Universal City Studios, Inc. v. Nintendo Co., Ltd.,* 726 F. Supp. 928, 929 (S.D.N.Y. 1985), *aff'd,* 797 F.2d 70 (2d Cir. 1986) (reasonable costs and attorneys' fees incurred in copyright infringement action which exceeded damage recovery by almost 150 percent were nevertheless reasonable).

In support of its application for reasonable attorneys' fees and costs, Plaintiff submits the McCabe Declaration along with the redacted invoices for Phillips Nizer's fees and disbursements. The McCabe Declaration shows that a reasonable award, under the circumstances of this case, would be $147,715.28. (McCabe Decl. ¶¶ 9-10.)

It is almost axiomatic that where the attorneys in question have an established rate for billing clients, that rate will likely be a reasonable rate. *Reade-Alvarez v. Eltman, Eltman, & Cooper, P.C.*, 04-cv-2195, 2006 U.S. Dist. LEXIS 89226, at *30 (E.D.N.Y. Dec. 11, 2006) ("In determining a reasonable hourly rate, the court considers the attorney's 'normal billing rate.'").

Here, as established by the declaration of counsel, there were no extraordinary fees charged. (McCabe Decl. ¶ 8.)  The hourly rate charged to Plaintiff represents discounted rates from the firm's standard rates and are below the rates charged by intellectual property attorneys in this district.  (McCabe Decl. ¶ 8.)  The rates are thus presumptively reasonable.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (holding that "[r]easonable rates are to be calculated according to the prevailing market rates in the relevant community.").

Preparation and prosecution of this case required the expertise of skilled intellectual property and commercial lawyers Monica P. McCabe, Kathryn T. Lund, Rachel M. Bandli, and Janeen R. Hall.  *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, 525 (S.D.N.Y. 2004); *see also Clairol Inc. v. Save-Way Indus.*, 211 U.S.P.Q. (BNA) 223, 225 (S.D. Fla. 1980). As set forth in the McCabe Declaration, the attorneys and paralegal working on this matter are highly skilled and experienced in the fields of trademark, unfair competition and other related areas of law.  (McCabe Decl. ¶¶ 2-6.)  The invoices attached to the McCabe Declaration provide a summary of:  (a) the date the service was provided, (b) the name of the person performing the service, (c) the number of hours for that entry; (d) the hourly rate for the person performing the service, and (e) the total cost for each service performed. (McCabe Decl. Ex. A.)

These invoices also show the attorneys' fees (which includes paralegal time) of $138,556.00 and costs of $9,159.28 incurred in the prosecution of this action since February 28, 2017.  (McCabe Decl. ¶ 10.)  These fees and costs cover tasks such as the preparation and service of Plaintiff's Order to Show Cause, which was served on Defendants and multiple third parties, the preparation of numerous takedown notices, and communication with financial institutions while attempting to enforce Plaintiff's judgment against Defendants as well as correspondence with the Court.  (McCabe Decl. Ex. A.)  Each task included in the invoices was

performed by the attorney or paralegal most suited to the complexity of the task. (*Id.*) Further, any duplicative time among the attorneys was not charged to the client and has not been included in the total amount of fees currently requested. (*Id.*, ¶¶ 8-9)

### 3. An Additional Compensatory Sanction on Defendants for Losses Incurred by Plaintiff Is Warranted.

In addition to granting Plaintiff's fees and costs, Plaintiff also requests that the Court impose an additional monetary sanction on Defendants to compensate Plaintiff for the time spent by Herbalist & Alchemist's Chief Executive Officer, Elizabeth Lambert to mitigate the damages caused by Defendant's infringing activities.

District Courts have the authority to impose compensatory sanctions on civil contemnors. *SEC v. Credit Bancorp, Ltd.*, 99 Civ. 11395 (RWS), 2000 U.S. Dist. LEXIS 9755, at *15 (S.D.N.Y. July 3, 2000) ("Providing compensation for harm caused by a contemnor is an appropriate compensatory purpose for a civil contempt fine."). These sanctions may be imposed in the form of attorneys' fees and costs, *Casale v. Kelly*, 710 F. Supp. 2d 347, 367 (S.D.N.Y. 2010) ("A court may award appropriate attorney fees and costs to a victim of contempt." (internal quotation marks omitted)), but Courts have also recognized the propriety of using compensatory sanctions to make parties whole from other losses arising due to the contemnor's actions. *See, e.g.*, *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 87 F. Supp. 2d 281, 296 (S.D.N.Y. 2000) (ordering compensatory fine equal to all profits from the sale of products contrary to judge's order).

Due to Defendants' complete and utter failure to comply with this Court's orders, it has been necessary for Ms. Lambert to spend at least 81 hours protecting Herbalist & Alchemist's trademark and preventing further damage to the company and its reputation. (Lambert Decl. at ¶¶ 4-5, Exhibit B.) Specifically, Ms. Lambert has prepared takedown notices, conducted internet

searches to discover infringing materials, and responded to infringers regarding Plaintiffs'
trademark. Ms. Lambert's use of her time to pursue infringing actors, rather than focusing on
managing and growing the business of Herbalist & Alchemist, is clearly a loss to Plaintiff for
which it may, and should, be compensated. As the chief executive at Herbalist & Alchemist with
significant experience in the fields of nutraceuticals, agriculture, and finance, Ms. Lambert's
time is properly valued at $275 per hour. (Lambert Decl. at ¶¶ 2-3, 6, Ex. A.) At this billing
rate, the total value of the time spent by Ms. Lambert on trademark enforcement activities due to
Defendant's infringement is $22,275. (Lambert Decl. at ¶ 7, Ex. B.) Plaintiff should be
compensated for this monetary loss by Defendants.

### 4. This Court Should Order the Delivery of Remaining Infringing Inventory to Herbalist & Alchemist's Counsel for Destruction.

Plaintiff respectfully requests that pursuant to Federal Rule of Civil Procedure 64, and in
order to enforce the Court's judgment against Defendants, the Court order Defendants to
immediately deliver them to Plaintiff's counsel for destruction. *See Lon Tai Shing Co. v. Koch +
Lowy*, 21 U.S.PQ.2d 1858, 1862 (S.D.N.Y. 1992) (ordering retailer to deliver infringing products
to plaintiff's attorneys for destruction). As shown by Defendants' continued and blatant sale of
infringing products (Dkt. No. 98, Ex. 28), destruction of the infringing products increasingly
appear to be the only way to halt their sale.

### B. Conclusion

For the foregoing reasons, Plaintiff, Herbalist & Alchemist, Inc., respectfully requests
that the Court: (1) award Plaintiff's attorneys' fees and costs in the amount of $147,715.28; (2)
impose a compensatory sanction of $22,275 on Defendants for the costs imposed on Plaintiff due
to Defendant's noncompliance with this Court's orders; (3) order the delivery of any remaining

infringing products to Plaintiff's counsel for destruction; and (4) grant any further relief the

Court deems just and proper.

Dated: February 22, 2018

Respectfully submitted,

PHILLIPS NIZER LLP

By:   Monica Petraglia McCabe

A Member of the Firm
666 Fifth Avenue
New York, NY 10103
(212) 841-0713
(212) 262-5152
monicam@phillipsnizer.com
*Attorneys for Plaintiff*

1346918.3